### RUSSELL EUGENE BURKS *v.* STATE OF MARYLAND

[No. 17, Initial Term, 1967.]

*Decided March 14, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH and THOMPSON, JJ., and DYER, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Gerard Wm. Wittstadt,* with whom was *L. Robert Evans* on the brief, for appellant.

*Dickee M. Howard, Special Attorney, Attorney General's Office,* with whom were *Robert C. Murphy, former Attorney General, Frank H. Newell, III, State's Attorney for Baltimore County,* and *James A. Gede, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

This is an appeal from the Circuit Court for Baltimore County wherein the Appellant, Russell Eugene Burks, and a co-defendant were tried together by the Court, without a jury, upon a five-count indictment. After pleas of not guilty, both defendants were convicted on the first count, charging robbery with a deadly weapon, and on the fifth count, charging assault, and sentenced to ten years in the Maryland Penitentiary.

Burks contends that (I) the trial Court erred in admitting his confession and (II) that having convicted him on the first count, it was error to convict him upon the fifth count, since the lesser offense (assault) merged into the greater offense.

I.

The record indicates that in the afternoon of August 17, 1965, two men wearing sun glasses entered a confectionery store with guns drawn and demanded of the woman manager the money in the cash register and a cigar box. After comply-

ing with the demand, she was told to lie on the floor for ten or fifteen minutes before calling the police.

Burks and the co-defendant were apprehended by the police several hours later as a result of information furnished by Roger German, the driver of the "get away car". German permitted the police to search the car and they found therein sun glasses and pistols which he identified as belonging to Burks and the co-defendant. At the trial German testified that Burks was one of the hold-up men. Burks was also identified by the Manager in a line-up, at the preliminary hearing, and at the trial as one of the hold-up men.

At the trial Corporal Maddox of the Baltimore County Detective Bureau testified that Burks had signed a written confession after being informed that "he was entitled to a telephone call, he was entitled to a lawyer, and that anything he would say would be used against him." Burks, in testifying with respect to the voluntariness of the confession, conceded that he had been informed of his right to counsel and the use of a telephone, but added that Corporal Maddox told him during the interrogation—"If you help me, I can help you because you have no previous record" and "that if I didn't help him there's a lot of unsolved robberies around, that he could get me a little time out of it." Burks further stated that "to me this meant if I help him solve these cases that he'd, he could help me in getting me free."

It is contended on behalf of the Appellant that the State, by not asking Corporal Maddox to specifically rebut these assertions, did not meet the burden of proving Burks' confession to be voluntary. In support of this contention, the Appellant cites *Streams v. State,* 238 Md. 278 (1965).

In the *Streams* case, the accused, an eighteen year old boy who could not read and could only write his name, in testifying as to the voluntariness of his confession, stated that he was told by the interrogating officers that it would be better for him if he made a statement because if he did they would try to get him put on probation. He also was, allegedly, told that if he did not sign a statement, the officer would "throw the book at me, get me more time, that's all." Prior to this testimony of the accused, the officer who took the confession had testified

that the accused was not mistreated and that he was not in any way threatened or induced to make the confession. The State did not recall the officer to rebut the aforesaid statements of the accused.

The Court of Appeals said (at page 283) :

> "We think the State's failure, after Streams left the stand, to go forward with testimony which would refute his claim of promises and threats and to show the conduct of the police during the period he was in custody of the arresting officers was enough under the *circumstances of this case* to require a holding that the judgments appealed from must be reversed because the State did not meet its burden of establishing the voluntariness of the confessions as a prerequisite to their admission in evidence." (Emphasis supplied)

In his Brief, counsel for the Appellant asserts that "Maddox was never specifically questioned concerning the threats and inducements testified to by the Appellant Burks." Counsel overlooks the fact, however, that prior to Burks' taking the stand, Corporal Maddox was asked on cross-examination by Burks' counsel—"Did you tell Mr. Burks words to the effect, 'If you help us, we'll help you get off light because you got no previous record?' "—and his answer was—"No, Sir * * * I deny that." And again Burks' attorney asked Corporal Maddox—"Did you at any time prior to the time he [Burks] spoke with you say to him, 'If you don't help us I can always get you a little time, there are a lot of robberies going on' " and Corporal Maddox answered—"No, Sir." These questions were obviously put to Corporal Maddox in anticipation of the testimony of Burks. To require the State to re-ask these questions of Corporal Maddox minutes after he had anticipatorily rebutted Burks' allegations would be a needless gesture. This factor, alone, takes the case at bar out of the holding in *Streams*.

There can be no question that the State has the burden of proving that a confession is freely and voluntarily given, without the influence of favor, threat, promise or inducement. *Bagley v. State,* 232 Md. 86; *Abbott v. State,* 231 Md. 462; *Williams v. State,* 231 Md. 83; *Bryant v. State,* 229 Md. 531. How-

ever, we do not construe the decision and opinion in the *Streams* case to require a finding in this case that the State has failed to meet the burden of proving the voluntariness of Burks' confession.

## II.

The Appellant contends, and the State concedes, that the fifth count of the indictment (assault) merged into the first count (armed robbery). We agree.

The assault necessarily involves the armed robbery since the facts necessary to prove the assault were essential ingredients in establishing the greater offense of armed robbery. Thus, the lesser crime merged into the greater. *Gatewood v. State,* 244 Md. 609 (1966); *Green v. State,* 243 Md. 75, 80 (1966); *Tucker v. State,* 237 Md. 422, 425 (1965); *Veney v. State,* 227 Md. 608 (1962). The lower Court, therefore, erred in convicting the Appellant upon the fifth count.

A general sentence of ten years in the Maryland Penitentiary was imposed and since this is less than the maximum of twenty years authorized by the statute (Code, Art. 27, Sec. 488 [Cum. Supp. 1966]) our reversal on the fifth count does not mean that the sentence has to be disturbed. *Gatewood v. State,* supra; *Tucker v. State,* supra.

> *Judgment affirmed as to the first count and reversed as to the fifth count; case remanded for entry of judgment of not guilty as to fifth count.*