## WALTER ELLSWORTH POWELL *v.* STATE OF MARYLAND

[No. 145, Initial Term, 1967.]

*Decided July 19, 1967.*

The cause was submitted to ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and TRAVERS, J., Associate Judge of the First Judicial Circuit, specially assigned.

*G. Denmead LeViness* and *E. Thomas Maxwell, Jr.,* for appellant.

*Francis B. Burch, Attorney General, Thomas A. Garland, Assistant Attorney General, Charles E. Moylan, Jr., State's At-*

torney for Baltimore City, and John D. Hackett, Assistant State's Attorney for Baltimore City, for appellee.

PER CURIAM.

Appellant was convicted by the court sitting without a jury of robbery with a deadly weapon and common-law assault on three separate indictments and sentenced to a total of forty years imprisonment.

Appellant contends on this appeal that his reindictment as commanded by Schowgurow v. State, 240 Md. 121 was invalid since the Grand Jury continued to be illegally constituted as no new law had been enacted by the State Legislature "so that it is illegal and unconstitutional to try him under a non-existing law." Virtually the same contention was raised and rejected in Hutchinson v. State, 1 Md. App. 362. We therefore find the appellant to have been validly reindicted.

Appellant also contends, in effect, that his conviction was unconstitutional because the judge before whom he was tried without a jury was required, as a qualification of office, to affirm a belief in the existence of God. This contention is also lacking in merit, having been decided against appellant's position in Ralph v. Warden, 245 Md. 74. See also Ralph v. Brough, 248 F. Supp. 334.

Appellant next contends that "all accusing witnesses against the petitioner" should be "disqualified" under Article 21 of the Maryland Declaration of Rights because he was placed in a line-up where he was behind a screen and could not see his accusers. We find this contention frivolous. There is no showing that the line-up conducted in this case was either unfair or unreliable and there is nothing per se unconstitutional about a police line-up. See United States v. Wade, 388 U. S. 218, 87 Sup. Ct. 1926, 18 L. Ed. 2d 1149; Gilbert v. California, 388 U. S. 263, 87 Sup. Ct. 1951, 18 L. Ed. 1178; and Stovall v. Denno, 388 U. S. 293, 87 Sup. Ct. 1967, 18 L. Ed. 2d 1199; all decided on June 12, 1967.

Appellant's further contention that his arrest was unlawful is likewise without merit. It is well settled that an illegal arrest does not invalidate a subsequent conviction, Nadolski v.

*State,* 1 Md. App. 304, and the illegality of arrest, by itself, is immaterial where it produced no "fruits" which were offered as evidence in the case. *McChan v. State,* 238 Md. 149; *Matthews v. State,* 237 Md. 384; *Hutchinson v. State, supra; Ross v. Warden,* 1 Md. App. 46.

Nor do we find that the imposition of the sentence in this case constitutes cruel and unusual punishment. The sentence was within lawful limits and it is not contended that the trial judge was actuated by any improper motive in imposing it. Under these circumstances, the sentence cannot be reviewed on appeal. *Gleaton v. State,* 235 Md. 271.

In *Burks v. State,* 1 Md. App. 81, we held that an assault count in an indictment ordinarily merges into the armed robbery count, since the assault necessarily involves the armed robbery, the facts necessary to prove the assault being essential ingredients in establishing the greater offense of armed robbery. In the instant case, where there was no evidence of any physical beating of the victims during perpetration of any of the robberies, we find the conviction on the assault counts to be in error since they merged with the counts charging robbery with a dangerous and deadly weapon. As the court imposed a twenty year sentence on the first indictment, and ten year sentences to run consecutively on the other two indictments, and since this is less than the maximum of twenty years authorized by the statute (Code (1957), Article 27, Section 488) as to each count of robbery with a deadly weapon, our reversal on the assault counts does not mean that the sentence has to be disturbed. *Gatewood v. State,* 244 Md. 609; *Tucker v. State,* 237 Md. 422.

> *Judgment affirmed as to the first count (robbery with a dangerous and deadly weapon) of indictment Nos. 5016, 5017 and 5018, and reversed as to the fifth count (assault) of each of said indictments. Case remanded for entry of judgment of not guilty as to fifth count (assault) of indictment Nos. 5016, 5017 and 5018.*