## RONALD COTTRELL *v.* STATE OF MARYLAND

[No. 224, Initial Term, 1967.]

*Decided July 24, 1967.*

The cause was submitted to ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and O'DONNELL, J., Associate Judge of the Eighth Judicial Circuit, specially assigned.

*Charles P. Howard, Jr.,* for appellant.

*Dickee M. Howard, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James McAllister, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted by the court sitting without a jury of robbery with a deadly weapon and common law assault. He was sentenced to ten years imprisonment. He contends on this appeal that his arrest was illegal and that the evidence seized as a result of such illegal arrest was inadmissible at the trial.

The evidence adduced at the trial showed that a citizen observed an armed holdup taking place in a store; that he flagged down a police car and told the police of his observations; and that he gave a brief description of the two holdup men involved in the crime to the police. The police immediately went to the scene of the crime and found the store clerk, who had been beaten, lying near the cash register. Nothing had been taken other than a cigarette lighter. The clerk told the police of the robbery and described his assailants. The officers immediately cruised in the vicinity of where the crime occurred, and observed the appellant and another man, who fit the descriptions of the criminals running from the area. As the police ap-

proached, the appellant's confederate discarded an object, later found to be a gun. Knowing that a felony had been committed, the officers had probable cause, under the circumstances of this case, to believe that the appellant was one of the criminals. See *Jones v. State,* 242 Md. 95; *Edwardsen v. State,* 231 Md. 332; *Crumb v. State,* 1 Md. App. 98; *Nadolski v. State,* 1 Md. App. 304. Appellant's contention urging the illegality of his arrest is thus wholly devoid of merit.

We note that appellant was convicted both of robbery with a deadly weapon and common law assault. As the store clerk was physically beaten by the perpetrators of the robbery, there is no merger of the assault count into the robbery count. Compare *Burks v. State,* 1 Md. App. 81.

*Judgment affirmed.*