ANGELO TENDER a/k/a JOHN PAUL ROBERTS,
LARRY JEROME MacDONALD AND DAVID
RAY WILLIAMS *v.* STATE OF
MARYLAND

[Nos. 49 and 50, September Term, 1967.]

*Decided January 9, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Peter G. Angelos* and *Richard K. Jacobsen* for appellants.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County, Frank H. Newell, III, former State's Attorney for Baltimore County,* and *Thomas L. Hennessey, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellants were charged under an indictment containing five counts, each pertaining to offenses against Conrad Otis

McClung: (1) robbery with a deadly weapon; (2) robbery; (3) attempted robbery with a deadly weapon; (4) assault with intent to rob; and (5) assault. They were tried in the Circuit Court for Baltimore County by the court. The verdict as to each appellant was "Guilty," Williams and MacDonald being convicted on February 10, 1966 at a joint trial and Tender, having been granted a separate trial, on March 10, 1966. Williams and MacDonald were each sentenced to imprisonment for a term of 18 years and Tender for a term of 20 years.

It is contended on this appeal that:

I. in-court identifications of the appellants and testimony as to the identification of them at lineups were improperly admitted in evidence because:
   A. counsel representing the appellants was not present at the lineups;
   B. the appellants were illegally arrested.
II. the evidence was not sufficient to sustain the convictions.

I

A. The appellants rely on *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926 and *Gilbert v. California,* 388 U. S. 263, 87 S. Ct. 1951, both decided June 12, 1967. The holdings in *Wade* and *Gilbert* were that a "post indictment pretrial lineup at which the accused was exhibited to identifying witnesses is a critical stage of the criminal prosecution; that police conduct of such a lineup without notice to and in the absence of his counsel denied the accused his Sixth Amendment right to counsel (absent an intelligent waiver)[1] and calls in question the admissibility at trial of the in-court identifications of the accused by witnesses who attended the [illegal] lineup." *Gilbert v. California,* 87 S. Ct. at 1956. For such testimony to be admissible,

---

1. In both *Wade* and *Gilbert* counsel had been appointed prior to the lineups, so no argument was made that notice to counsel would have prejudicially delayed the confrontations. The Court left open the question whether the presence of substitute counsel might suffice where notification and presence of the suspect's own counsel would result in prejudicial delay. *United States v. Wade,* 87 S. Ct. at 1938 and footnote 27.

it must be established "* * * by clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identification." *United States v. Wade,* 87 S. Ct. at 1939. But testimony as to identification of the accused at an illegal lineup is *per se* excluded both at the guilt stage and penalty stage of the proceedings, as "come at by exploitations of [the primary] illegality," and the State is therefore "not entitled to an opportunity to show that that testimony had an independent source." [2] *Gilbert v. California,* 87 S. Ct. at 1957, citing *Wong Sun v. United States,* 371 U. S. 471, 488. *Stovall v. Denno,* 388 U. S. 293, 87 S. Ct. 1967, also decided June 12, 1967, determined the extent to which the rules announced in *Wade* and *Gilbert* were to be applied retroactively. It held that they affect only those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after June 12, 1967. We adopt this rule for the reasons stated in *Stovall* and conclude as did the Supreme Court that no distinction is justified between convictions final as of June 12, 1967 and convictions at various stages of trial and direct review. We apply the principles of *Wade* and *Gilbert* only to lineups conducted after June 12, 1967. As the lineup in the instant case was conducted prior to that date, *Wade* and *Gilbert* afford the appellant no relief.

B. The basis of the contention of the appellants that the in-court identifications of them and testimony relating to the identifications of them at lineups were inadmissible as resulting from an illegal arrest is under the doctrine of *Wong Sun v. United States, supra,* and the cases following its principles. It has been held that the doctrine of *Wong Sun* was not intended to, and does not, control prosecutions in state courts, *Crowe and Williston v. State,* 240 Md. 144, 150, and this Court has held that *Mapp v. Ohio,* 367 U. S. 643 did not compel the exclusion of testimony as to the identification of an accused in a lineup, as such testimony was not "tangible" evidence which

---

2. *Gilbert v. California,* 87 S. Ct. at 1957 suggests that the *per se* exclusionary rule may not prevail if the lineup was conducted pursuant "* * * to legislative regulations adequate to avoid the hazards to a fair trial which adhere in lineups as presently conducted * * *."

was the fruit of an unlawful search. *Nadolski v. State,* 1 Md. App. 304, 308. There is nothing *per se* unconstitutional about a lineup and it is not here alleged that the lineups were unfair or unreliable. See *Powell v. State,* 1 Md. App. 495. We find that the in-court identifications and the testimony as to the identifications of the appellants at the lineups were properly admissible under the rules of law then applicable, even assuming that the arrests were illegal.

## II

The appellants' brief contains no argument in support of the contention that the evidence was not sufficient to sustain the conviction as required by Md. Rule 1031 c. 4. In any event, it suffices to say that the record discloses ample evidence to sustain the convictions. The *corpus delicti* was proved and at the trials the appellants were positively identified as the criminal agents. See *Reed v. State,* 1 Md. App. 662. The robbery was carefully planned and skillfully consummated. About 9:00 P.M. on July 18, 1965 Tender and Williams gained access to the McClung home by a ruse and they later admitted MacDonald. They held McClung, the assistant manager of Hutzler's Towson store, his wife and two sons prisoner at gun point all night, obtaining information about the store and its safe, assuring McClung's cooperation by threats of harm to his wife and children. The next morning the appellants forced McClung, his wife and children to drive with them in the McClung automobile to the store. MacDonald remained in the automobile with Mrs. McClung and the children and Tender and Williams, under the guise of auditors, went into the store with McClung before it was open to the public. The robbers herded McClung, the operating supervisor of the store, and several other employees into the safe area at gun point and when the timer on the safe released the locking mechanism, the safe was opened, and, according to McClung, approximately $53,000 was taken. The loot was placed in two suitcases and the operating supervisor was forced to carry one of them out of the store, one of the robbers carrying the other. The appellants left the scene in the McClung automobile with Mrs. McClung and the children. MacDonald got out of the car a few blocks from the store and Williams drove the car with the remaining occupants about

three miles, at which point Tender told Mrs. McClung to take the two children, walk directly to York Road, not to try to telephone, hail a taxicab, go directly to the store and not to do anything to get herself hurt. She obeyed the instructions. The appellants were arrested the afternoon of the day of the robbery. As there was credible evidence showing directly the facts to be proved from which the trial court could be fairly convinced, beyond a reasonable doubt, of the appellants' guilt of the offenses charged, its judgments on the evidence were not clearly erroneous and we may not set them aside for the reason that the evidence was not sufficient. *McFadden v. State,* 1 Md. App. 511; Md. Rule, 1086.

## III

At each trial the court had before it all five counts of the indictment and rendered a general verdict of guilty which convicted the appellants on each count. *Manning v. State,* 2 Md. App. 177. It appears that the court, as to each appellant, passed judgment on the first count charging the more serious offense, as is the common practice in this State. See *Berger v. State,* 179 Md. 410 at page 415.

The convictions on both the offense charged in the first count (robbery with a deadly weapon) and the offense charged in the third count (attempted robbery with a deadly weapon) were not consistent. This Court follows the rule that the failure to consummate the commission of an offense is a necessary ingredient in an attempt to commit that offense. *Boone v. State,* 2 Md. App. 80 at 114-115; *Wiley v. State,* 237 Md. 560; *Franczkowski v. State,* 239 Md. 126; cf. *Perkins on Criminal Law* (1957) Ch. 6, pp. 480-481. Having been convicted of committing robbery with a deadly weapon, the appellants cannot be found to have failed to commit it, which is a necessary ingredient in the proof of the attempt. Therefore the convictions on the third count were improper and must be reversed.

An offense which is inconsistent with another offense is to be distinguished from an offense which merges into another offense. Although the common law doctrine of merger no longer exists in Maryland, a more modern concept of merger of offenses does exist. *Bennett v. State,* 229 Md. 208; *Chittum v.*

*State,* 1 Md. App. 205. The true test under the modern concept of merger of offenses, is whether one crime necessarily involves the other. *Green v. State,* 243 Md. 75.[3] When the crimes charged in an indictment are not separate and distinct, this Court has considered each case on its facts and applied the rule with relation to them.[4] Thus, in the instant case, the offense of assault charged in the fifth count of the indictment did not merge into the greater offenses charged as there was evidence sufficient for the trial court to find that there was an assault separate and distinct from the greater offenses. An assault was committed when the appellants kept the victim prisoner at gun point in his home preceding the robbery in the store. On the other hand, in proving robbery with a deadly weapon, charged in the first count, robbery, charged in the second count, and assault with intent to rob, charged in the fourth count, were also proved. "Robbery * * * is the felonious taking and carrying away of the personal property of another (or of which he has possession or custody), from his person or in his presence, by violence, or by putting him in fear." *Clark and Marshall, Law of Crimes,* 6th Ed., § 12.09, 12.11. It is patent that in proving the charge of robbery with a deadly weapon, it was necessary to prove robbery. It is also clear, in the instant case, that in proving robbery with a deadly weapon, assault with intent to rob was proved. The exhibition of the gun to the victim in the store where the robbery occurred was an assault. A rational inference was that this assault placed the victim in

---

3. The gradual abolishment of the common law rule of merger of offenses in Maryland and the development of the modern doctrine may be traced through the following cases: *Gilpin v. State,* 142 Md. 464; *Klein v. State,* 151 Md. 484; *Williams v. State,* 205 Md. 470; *Young v. State,* 220 Md. 95; *Veney v. State,* 227 Md. 608; *Bennett v. State,* 229 Md. 208; *Marks v. State,* 230 Md. 108; *Fabian v. State,* 235 Md. 306; *Tucker v. State,* 237 Md. 422; *Green v. State,* 243 Md. 75.

4. For application of the modern doctrine by this Court, see *Burks v. State,* 1 Md. App. 81; *Chittum v. State,* 1 Md. App. 205; *Sherrod v. State,* 1 Md. App. 433; *Dyson v. Warden,* 1 Md. App. 469; *Powell v. State,* 1 Md. App. 495; *Cottrell v. State,* 1 Md. App. 520; *Gee v. State,* 2 Md. App. 61; *Boone v. State,* 2 Md. App. 80; *Manning v. State,* 2 Md. App. 177; *Johnson v. State,* 2 Md. App. 235.

fear and it is obvious from the evidence that the assault was made with an intent to rob him. Therefore both the robbery and the assault with intent to rob merged into the robbery with a deadly weapon.[5] We reach this conclusion without regard to whether Art. 27, § 488 of the Maryland Code (1967 Repl. Vol.) creates a substantive offense of robbery with a dangerous and deadly weapon or whether it merely prescribes increased penalties for the crime of robbery when committed with such a weapon (see Laws of Maryland, 1927, ch. 457) for in any event we think the practical application of the modern doctrine of merger logically leads to the result inherent in such conclusion. We recognize that a person should not be twice punished for the same acts whether the offenses charged by reason of such acts be deemed to be inconsistent, duplicitous or to have merged.[6] We think the convictions under the second and fourth counts must be vacated.

The sentence as to each appellant was a general one, covering the convictions under each of the five counts in the indictment. "A general sentence covering more than one count is not improper, if the sentence does not exceed in the aggregate the

---

5. A defendant may not be convicted of breaking and stealing and larceny where the larceny consists of the same act as the stealing. In such a case the larceny merges into the breaking and stealing as a necessary ingredient of the breaking and stealing. He may, however, be convicted of a breaking with intent to steal and larceny. The larceny does not merge into the breaking with intent to steal as the breaking with intent to steal has separate elements and is a complete offense without regard to a larceny. *Young v. State*, 220 Md. 95; *Vandegrift v. State*, 226 Md. 38. It has been held that there was no "inconsistency" between breaking with intent to steal and breaking and stealing because the offenses have separate elements (the intent in one and the stealing in the other). *Fabian v. State*, 235 Md. 306. It would appear in *Fabian* that the modern doctrine of merger was applicable rather than "inconsistent" counts in the technical sense and it is felt that under a proper factual situation a breaking with intent to steal would merge into a breaking and stealing so as to preclude a separate sentence for each offense.

6. This is not to say that the distinctions with regard to inconsistent counts, duplicitous counts and offenses which merge are not to be preserved as they may be significant under circumstances here not material.

sentences which might have been imposed cumulatively under the several counts." *Gatewood v. State,* 244 Md. 609, 620. "[I]t is optional whether the sentence be one general sentence to cover all the counts of the indictment or the total sentence is apportioned to the several counts of the indictment." *Vandegrift v. State,* 226 Md. 38, 42, quoting *United States v. Bernett,* 123 F. Supp. 841 (D. C. Md. 1954). In the case before us, the sentence of 20 years imposed on Tender and the sentence of 18 years imposed on each of MacDonald and Williams did not exceed the maximum authorized by Md. Code, *supra,* Art. 27, § 488 for robbery with a deadly weapon. Our reversal of the judgments under the third count and the vacating of the judgments under the second and fourth counts does not invalidate the general sentence imposed. *Bryant v. State,* 229 Md. 531.

> *As to each appellant: Judgments affirmed as to the first and fifth counts; judgments reversed as to the third count; judgments as to the second and fourth counts vacated as merging into the first count.*