LARRY BRUCE MASSEY *v.* STATE OF MARYLAND

[No. 475, September Term, 1968.]

*Decided September 9, 1969.*

616

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James F. Garrity* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Arthur S. Alperstein, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the majority opinion of the Court. ORTH, J., concurs. Concurring opinion by ORTH, J., at page 618 *infra.*

The appellant was convicted by a jury in the Criminal Court of Baltimore of robbery, assault with intent to rob and assault. He was sentenced to serve five years on the robbery conviction; three years on the assault with intent to rob conviction, to run concurrently with the sentence in the first conviction; and two years on the assault conviction, to run consecutively to the sentence on the first conviction.

The record indicates that John Givvines, a newspaper vending machine operator, collected the money from his newspaper racks at 1:40 a.m. and, after having a bite to eat at a friend's house, was walking toward an intersection to take a bus home when he was "jumped from behind" by an individual who knocked him to the ground,

"hit me across the face and split my eye" and then took the loose change out of Givvines' pants pocket. Givvines managed to extricate himself and ran to a police car cruising in the area. He advised the officers that he had been robbed by a Negro youth who was wearing a red jacket and a white bandage on his arm. The police put Givvines in their car and, after cruising the area for "a minute," Givvines shouted, "That's the man who robbed me." When apprehended, after a short chase on foot, the appellant was wearing a red jacket and a white wristband supporter. He was taken to the police station where a search revealed that he had $7.39 in loose change. The turnkey who conducted the search testified that the appellant accused him, at the time of the search, of framing him by placing the change in appellant's pocket.

The victim was unable to identify the appellant at the trial. The arresting officer, however, identified the appellant, who was sitting among the spectators in the courtroom, as the inidividual he had chased on foot and apprehended after he had been pointed out to the officer by Givvines as the man who robbed him.

The appellant admitted being in the vicinity at the time of the crime but denied committing it.

In this appeal it is contended that the appellant's conviction should be set aside because the victim's failure to identify him at trial rendered the officer's testimony concerning the victim's identification of appellant at the scene of the crime inadmissible. This contention is not properly before us inasmuch as the officer's testimony came in without objection. Md. Rule 1085; *Smith v. State,* 6 Md. App. 23, 28.

We find no merit in appellant's additional contention that "it was error to have placed any credibility on the testimony of the State's witness where this testimony was contrary to that of the appellant." It is well settled that the credibility of witnesses is for the trier of facts to determine. *Brown and Shepard v. State,* 6 Md. App. 631; *Graham v. State,* 6 Md. App. 458.

Nor is there any merit in appellant's contention that

he was subjected to cruel and unusual punishment. Sentencing is within the province of the trial judge and he was not required to accept appellant's appeal to be given an opportunity to enter the armed services in lieu of being sentenced. The sentences were within the statutory limits and there is no evidence that they were dictated by passion, prejudice, ill-will or any motive on the part of the trial judge other than a sense of public duty. *Love and Matthews v. State,* 6 Md. App. 639; *Bailey v. State,* 6 Md. App. 496.

We do agree, however, that the convictions for the crimes of assault with intent to rob and assault must be vacated. It is apparent, under the circumstances here, that the facts necessary to prove the assault with intent to rob and the assault were essential ingredients in proving the greater crime of robbery. Accordingly, they merged into the greater crime and must be vacated. *Price v. State,* 3 Md. App. 155, 160; *Tender v. State,* 2 Md. App. 692, 698-701; *Burks v. State,* 1 Md. App. 81, 85.

> *Judgment affirmed as to the first count: judgments as to the second and third counts vacated as merged into the first count and sentences imposed thereon vacated.*

ORTH, J., concurring:

I fully agree with the holding of the Court affirming the judgment on the 1st count charging robbery and vacating the judgment on each of the 2nd and 3rd counts for the reason that the offenses therein charged merged into the robbery, the true test under the modern concept of merger of offenses being whether one crime necessarily involves the other. *Tender v. State,* 2 Md. App. 692, 699. I think it advisable, however, to clarify the holding with respect to the merger of the offense charged in the 3rd count into the robbery. The 3rd count charged an assault and a battery and the evidence established

that there was both an assault and a battery. We have held heretofore that an assault merges into a robbery, *Price v. State*, 3 Md. App. 155, 160, but we have not held specifically that assault and battery is so merged. According to Clark and Marshall, *Law of Crimes*, 6th Ed. "a simple assault under common law is typified by an attempt or offer, with unlawful force or violence, to do a corporeal hurt to another," § 10.15, p. 642, and "any unlawful injury whatsoever, however slight, actually done to the person of another, directly or indirectly, in an angry, revengeful, rude, or insolent manner, is a battery," § 10.19, p. 654. Thus every battery includes an assault, so that on an indictment for assault and battery one may be convicted of assault only. See 1 Hawkins, *Pleas of the Crown*, c. 15, § 2. Robbery is the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence, actual or constructive. *Clark* and *Marshall, supra,* § 12.09, p. 781. Robbery must be accompanied by violence and the putting in fear is constructive violence. Where there is no putting in fear there must be actual violence but where there is actual violence there need be no putting in fear. So if the felon strikes his victim, rendering him unconscious, and then takes money from his person, robbery is committed. There is actual violence if there is any injury to the person of another, or if he resists the attempt to rob him and his resistance is overcome, however slight the resistance. Ibid, § 12.13, pp. 787-789; § 12.14, pp. 789-793. It appears then that actual violence may be equated to a battery and intimidation to an assault. So, actual violence may encompass a battery, which includes an assault, and a robbery, where the taking is by actual violence, by injury to the person of the victim, as was the case here, necessarily involves an assault and battery, and the assault and battery merges into the robbery.