EUGENE VICTOR BROMWELL AND FRED
LEE CORNISH *v.* STATE OF
MARYLAND

[No. 169, September Term, 1969.]

*Decided December 16, 1969.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Harry Sadoff* for appellants.

*Donald Needle, Assistant Attorney General,* with whom

were *Francis B. Burch, Attorney General,* and *William B. Yates, II, State's Attorney for Dorchester County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Eugene Victor Bromwell and Fred Lee Cornish (appellants) ; separately indicted but jointly tried before a jury in the Circuit Court for Dorchester County, were each found guilty of robbing and beating Alton Sellers. Each was sentenced to 10 years on the robbery conviction and to 8 years on the battery conviction, the sentences to run consecutively.

## I

Suggestion of Removal was filed by appellants. Maryland Rules 542 and 738. At a pretrial hearing on the motion appellants claimed that because of radio and newspaper coverage of the crime and because there existed "a feeling of extreme vengeance" against those charged with the crime due to the fine reputation of the victim in the community, they could not receive an impartial jury or trial in Dorchester County. They adduced the testimony of the news director of the local radio station to the effect that the radio broadcasts covered Dorchester County and 15 radio scripts were admitted in evidence. Copies of the local newspaper published the 7th, 11th and 13th of January and 21st of February 1969, containing accounts of the crimes, were received in evidence. The court considered the evidence, heard argument and denied the motion. In so doing it found that the radio broadcasts were "normal spot announcements" reporting a crime and the condition of the victim; that the newspaper reports were "perfectly normal reports carried by the press everywhere" — "certainly the press could not be forbidden to report public matters that occur;" and that nothing before it "would appear to intend to inflame or to prejudice anyone against these de-

fendants." It noted that the jury was subject to *voir dire* examination.

It was "necessary for [appellants] to make it satisfactorily appear to the court that the suggestion made by them was true or that there [was] reasonable ground for the same," as the offenses here were not punishable by death. Rule 738 b. This they did not do and we cannot say that the court was clearly wrong in its judgment on the evidence. Thus there was no abuse of discretion in the denial of the motion and no error in denying it. See *McLaughlin v. State,* 3 Md. App. 515; *Cox v. State,* 3 Md. App. 136; *Benton v. State,* 1 Md. App. 647.

## II

Tangible evidence need not be positively connected with the accused or the crime committed in order to render it admissible; it is admissible where there is a probability of its connection with the accused or the crime, the lack of positive identification affecting the weight of the evidence rather than its admissibility. *Shelton v. State,* 3 Md. App. 394, 400-401. That there was at the least the probability that a piece of pipe here challenged was connected to the accused and the crime is apparent. Evidence adduced tended to show that it was found at the scene of the crime; that the victim had been violently beaten about the head by one of the assailants, identified by an eyewitness as Cornish; that the pipe contained splatters of blood type O; that such blood staining could result from the use of the pipe as an assault weapon; that the victim's blood type was O. We hold there was no error in admitting the piece of pipe in evidence.

## III

We find no error in the admission of photographs challenged for we cannot say that the trial court abused its discretion in admitting them. There was evidence that the photographs accurately represented the scene at the

time they were taken. See *McLaughlin v. State, supra; Culver v. State,* 1 Md. App. 406. And see also *Clarke v. State,* 238 Md. 11; *Cook v. State,* 225 Md. 603. And even if there was error in admitting them we think the error was harmless in the circumstances.

## IV

We find no reversible error in the conduct of the State's Attorney. The inquiry by the State's Attorney of a witness whether the witness knew "anything about [Bromwell's] past" was objected to prior to any answer and the objection was sustained. The court promptly advised the jury to draw no inference from the question as it was ruled improper.

We discussed statements to the jury which exceed permissible conduct in *Holbrook v. State,* 6 Md. App. 265. We have reviewed the remarks made by the State's Attorney in argument to the jury here challenged and find no error requiring reversal of the judgments in the circumstances. On the first occasion, upon objection, the judge promptly and properly cautioned the jury and immediately after the second occasion delivered his charge to the jury, which contained, near the beginning thereof the following:

> "The statements of counsel at the beginning of the case and the arguments that you have just heard are not evidence and are not to be considered evidence. If any statement was made by either attorney which you feel has no basis in fact, then you should ignore that statement and rely on your own recollection."

## V

We are obliged to point out again that a motion for judgment of acquittal made at the close of the evidence offered by the State is withdrawn by the accused when he offers evidence, as appellants here did. Rule 755 b.

We find no error in the denial of the motion made at the close of all the evidence. Appellants do not contend that the *corpus delicti* was not proved, and it is clear that it was. They claim that their criminal agency was not shown because they offered evidence tending to establish an alibi. Evidence of an alibi is to be weighed by the trier of fact which is not required to accept its truthfulness. *Logan v. State,* 1 Md. App. 213. Nor is it under any obligation to believe the defendant's denials and explanations. *Dunlap v. State,* 1 Md. App. 444. The weight of the evidence and the credibility of the witnesses here were matters for the jury. *Chandler v. State,* 7 Md. App. 646. There was testimony from an eyewitness that he saw Bromwell grab the victim from behind and Cornish hit the victim with something. The victim fell and they searched him. The identification by a single eyewitness was sufficient. *Watson v. State,* 6 Md. App. 134. The trial court did not err in permitting the case to go to the jury. See *Williams v. State,* 5 Md. App. 450.

## VI

Each appellant was charged under the first count of the indictment returned against him with robbery and under the second count with battery, both offenses being against the same victim. The evidence established that the element of violence in the robbery here was by actual violence to the victim—a battery; he was struck, rendered unconscious and his goods stolen. For the reasons set forth in the concurring opinion in *Massey v. State,* 7 Md. App. 615, 618-619, which we now adopt, we agree with the contention of the appellants that upon the conviction of robbery, the offense of battery, in the circumstances here, merged therein. Compare *Cottrell v. State,* 1 Md. App. 520 and *Powell v. State,* 1 Md. App. 495 where the assault and battery were distinct from the force and violence by which the robbery was perpetrated. Thus the judgment of conviction and sentence under the second count charging battery must be vacated. The re-

sult of this is that each appellant's total sentence is 10 years rather than 18 years.[1]

> *As to each appellant: Judgment as to the first count affirmed; judgment of conviction and sentence as to the second count vacated, the offense charged therein merging into the conviction of the offense under the first count.*

---

1. The maximum sentence authorized for conviction of robbery was imposed as to each appellant. Code, Art. 27, § 486. Neither was charged with robbery with a dangerous or deadly weapon for which the maximum sentence is 20 years. Code, Art. 27, § 488.