THOMAS ROBERT MELVILLE, GEORGE JOSEPH
MISCHE, JOHN JOSEPH HOGAN, REV. DANIEL
BERRIGAN, MARJORIE LOIS MELVILLE,
JAMES McGINNIS DARST, MARY AS-
SUMPTA MOYLAN, THOMAS PAHL
LEWIS, AND REV. PHILIP FRAN-
CIS BERRIGAN *v.* STATE OF
MARYLAND

[No. 328, September Term, 1969.]

*Decided August 5, 1970.*

The cause was argued before MURPHY, C.J., and AN-DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Harold Buchman,* with whom were *Edward A. Tomlin-son, H. A. Freeman, William N. Kunstler,* and *William C. Cunningham* on the brief, for appellants.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *L. Robert Evans* and *Stuart E. Hirsch, Assistant State's*

■■■■■■■■■■■■■

*Attorneys for Baltimore County,* on the brief, for appellee.

PER CURIAM.

Appellants, nine Roman Catholic lay people and clergy opposed to the United States' military involvement in Vietnam, staged a protest on May 17, 1968 at Selective Service Local Board #33, 1010 Frederick Avenue, Catonsville, Maryland. Eight of the appellants entered the Board office at 12:45 p.m. and the ninth individual remained outside as a lookout. Appellant George Mische carried a wire basket with him into the office. Upon entering the room, Father Philip Berrigan went to a set of file cabinets containing records concerning individuals subject to military induction. Mrs. Mary Ellen Murphy, an employee of Local Board #33, attempted to protect the file drawers but was pushed aside by Father Berrigan, and Berrigan and Mische emptied a total of 378 individual files into the wire basket. Mrs. Murphy grasped the basket and struggeld with Berrigan and Mische for control of the records, and in the struggle her finger and leg were cut. At the same time appellants Mary Moylan and Thomas Melville forcibly restrained Mrs. Phyllis Morseberger, another employee of the Board, and kept her from protecting the records and from calling for help. The appellants carried the wire basket full of records out of the building and into a parking lot where they burned the records.

Appellants were tried on October 7-10, 1968 in the United States District Court for the District of Maryland by a jury, Chief Judge Roszel C. Thomsen presiding. The jury found appellants guilty of violations of 18 U.S.C. § 1361, 18 U.S.C. § 2071(a), and Title 50 App. U.S.C. § 462 (a).[1] Chief Judge Thomsen sentenced the ap-

---

1. Title 18 U.S.C. § 1361 provides in pertinent part: Whoever willfully injures or commits any depredation against any property of the United States, or of any department or agency thereof, or any property which has been or is being manufactured or constructed for the United States, or any department or agency thereof, shall be punished as follows: * * *

Title 18 U.S.C. § 2071(a) provides: Whoever willfully and un-

pellants to the following terms on each count, the terms to run concurrently:

| | |
|---|---|
| Daniel Berrigan | 3 years |
| Philip Berrigan | 3 years, 6 months |
| James Darst | 2 years |
| John Hogan | 2 years |
| Thomas Lewis | 3 years, 6 months |
| Marjorie Melville | 2 years |
| Thomas Melville | 3 years |
| George Mische | 3 years |
| Mary Moylan | 2 years |

The convictions and sentences were affirmed on appeal. *United States v. Moylan,* 417 F. 2d 1002 (4th Cir. 1969).[2]

On June 4, 1969, the appellants were brought to trial in the Circuit Court for Baltimore County before Judge Kenneth Proctor, sitting without a jury, for robbery, assault and battery and sabotage of Selective Service Records. In response to a pretrial motion, the lower court found that federal preemption barred the State from trying appellants for sabotage, but found no federal preemption which would prevent the State from trying the appellants for robbery and assault and battery. The case was then submitted upon an agreed statement of facts and the trial judge found appellants guilty of robbery and two counts of assault and battery. Judge Proctor, the trial

---

lawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined not more than $2,000 or imprisoned not more than three years, or both.

Title 50 App. U.S.C. § 462(a) provides in pertinent part: * * * or any person or persons who shall knowingly hinder or interfere or attempt to do so in any way, by force of violence or otherwise, with the administration of this title (said sections) or the rules or regulations made pursuant thereto, or who conspires to commit any one or more of such offenses, shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment * * *.

2. See also related case 283 F. Supp. 336 (D. C. Md. 1968), 417 F. 2d 1009 (4th Cir. 1969).

judge, imposed sentences identical to and concurrent with those imposed by Chief Judge Thomsen on the appellants' convictions in the Federal Court.

On appeal to this Court appellants raise four contentions, namely:

1) The appellants' robbery convictions are improper in that the scheme of federal regulation is so pervasive in the area of Selective Service that the authority of the State of Maryland to prosecute for offenses occurring on property utilized by the Selective Service System has been superseded.

2) The appellants' robbery and assault and battery convictions should be set aside in that the appellants were placed twice in jeopardy in violation of the common law of Maryland.

3) The appellants' robbery and assault and battery convictions should be set aside in that the appellants were placed twice in jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

4) The appellants' convictions for assault should be vacated under the doctrine of merger of offenses.

I

Appellants' federal convictions arose out of a broad scope of legislation passed by Congress to proscribe conduct which interferes with the orderly functioning of the Selective Service System. In accordance with the function of the Selective Service System, Local Board #33 operates in Catonsville, Maryland. Appellants contend that the scope of the federal legislation is so broad that the State of Maryland is rendered powerless to prosecute offenses occurring in or upon the premises of Local Board #33. The Supreme Court of the United States in *Pennsylvania v. Nelson*, 350 U. S. 497, stated three of the most widely accepted tests for supersession:

*"First,* '[t]he scheme of federal regulation [is] so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it.' *Rice v. Santa Fe Elevator Corp.,* 331 U. S., at 230.

\* \* \* \*

*"Second,* the federal statutes 'touch a field in which the federal interest is so dominant that the federal system [must] be assumed to preclude enforcement of state laws on the same subject.'

\* \* \* \*

*"Third,* enforcement of state sedition acts presents a serious danger of conflict with the administration of the federal program." 350 U. S., at 501-5.

The Court cautioned that there should be no attempt to utilize any of the standards as the sole criteria for supersession.

"Where, as in the instant case, Congress has not stated specifically whether a federal statute has occupied a field in which the States are otherwise free to legislate, different criteria have furnished touchstones for decision. \* \* \* 'But none of these expressions provides an infallible constitutional test or an exclusive constitutional yardstick. In the final analysis, there can be no one crystal clear distinctly marked formula. *Hines v. Davidowitz,* 312 U. S. 52, 67.' " 350 U. S., at 501.

In *Nelson* the Supreme Court struck down a Pennsylvania statute which forbade sedition against the United States. In *Uphaus v. Wyman,* 360 U. S. 72, the Court explained its holding in *Nelson:*

"In *Nelson* itself we said that the 'precise holding of the court . . . is that the Smith Act . . . which prohibits the knowing advocacy of the

overthrow of the Government of the United States by force and violence, supersedes the enforcibility of the Pennsylvania Sedition Act which proscribed the *same conduct.* (italics supplied) 350 U. S., at 499.' " 360 U. S. at 76.

In *Uphaus* the Supreme Court upheld the State's power to prosecute for seditious acts against the State itself.

We think that the appellants' reliance on *Pennsylvania v. Nelson* to support their claim of supersession is not well taken. As *Uphaus v. Wyman, supra,* makes clear, the holding in *Nelson* is a narrow one; simply that a State may not prosecute an individual if there is federal legislation proscribing "identical conduct." The second standard for supersession set out in *Nelson* refers to the prohibition as applying to legislation which covers the "same subject." It is our opinion that the State of Maryland, although prosecuting the appellants for offenses which arose out of the same facts which resulted in the federal convictions, is neither punishing "identical conduct" or legislating the "same subject." The appellants were convicted in the State court of robbery and assault and battery. The assault and battery convictions arose out of the injury of one employee and the forcible bodily restraint of another. The robbery convictions arose from the forcible taking of the property of another by the appellants. The State's interest is in the protection of the person as an individual and not the protection of the person merely because he or she is an employee of the Selective Service System. The State is punishing offenses against the individuals while the federal government is punishing offenses against the property; and thus, the conduct prohibited by the two sovereigns is not identical nor does it concern the same subject. We are also of the opinion that the federal regulation of Selective Service property is not so pervasive as to make reasonable the inference that the State is barred from prosecuting offenses against employees of the Selective Service System. We further find that the enforcement of the State law does not present a serious danger of conflict with the enforce-

ment of the federal law. We are of the opinion that the State of Maryland had the right to prosecute the appellants. *Cf. Waller v. Florida,* 397 U. S. 387, 90 S. Ct. 1184, 25 L.Ed.2d 435.

## II

The prohibition against a man being placed twice in jeopardy for the same offense is part of the common law of Maryland. *Boone v. State,* 3 Md. App. 11. 1 Wharton *Criminal Law and Procedure* 338-9 states "Former jeopardy is a bar only when the offense for which the defendant was formerly placed in jeopardy is the same offense as that for which he is presently prosecuted. When it is claimed that the two offenses are the same, it must be shown that they are in law and in fact the same offense." See also *Rouse v. State,* 202 Md. 481. We have found that the offenses for which the appellants were prosecuted in the federal court (set out in footnote 1, supra) are not the same as the offenses for which the appellants were tried in the State court and thus the common law prohibition of double jeopardy does not bar the State prosecution.

## III

The double jeopardy prohibition of the Fifth Amendment to the United States Constitution represents a fundamental ideal in our constitutional heritage and thus applies to the States through the Fourteenth Amendment. *Benton v. Maryland,* 89 S. Ct. 2056. Appellants seek to rely upon an alleged *sub silentio* refutation by the Supreme Court of its holding in *Bartkus v. Illinois,* 359 U. S. 121 for the proposition that Maryland may not try the appellants for robbery and assault and battery. *Bartkus* held that the State of Illinois could prosecute a defendant for robbery of a federally insured savings and loan association although the appellant had been previously acquitted of the same offense in a federal court. Appellants rely on *Benton v. Maryland, supra,* and *Murphy v. Waterfront Commission,* 378 U. S. 52 to refute the present effectiveness of *Bartkus.* We find nothing in *Benton* or

*Murphy* to indicate that the precise holding in *Bartkus* is no longer effective. The appellants' contention, however, must fail regardless of the present effectiveness of *Bartkus*. The Fifth Amendment provides in pertinent part "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." We have found that in fact the appellants' State prosecution was not for the "same offense" as was the federal prosecution. We therefore find that the Fifth Amendment to the United States Constitution as applied to this State through the Fourteenth Amendment does not bar the State's prosecution of the appellants for robbery and assault and battery.

## IV

Appellants were convicted under the fourth count of Indictment #34409 (robbery of Mary Ellen Murphy) ; under the second count of Criminal Information #34412 (assault and battery upon Mary Ellen Murphy) ; and under the fifth count of Criminal Information #34412 (assault and battery upon Phyllis Morseberger). We think it clear that the assault and battery upon Mrs. Morseberger does not merge with either of the offenses against the person of Mrs. Murphy. The question is whether the conviction for the assault and battery of Mrs. Murphy must be vacated as merging with the conviction of the robbery of Mrs. Murphy. The evidence established that the violence involved in the robbery was actual violence to the person of Mrs. Murphy. Father Berrigan and Mr. Mische physically restrained Mrs. Murphy and were involved in a struggle for possession of the wire basket as a result of which Mrs. Murphy was injured. The element of violence in the robbery having been the same act out of which the assault and battery conviction arose we find that appellants' assault and battery convictions under the second count of Criminal Information #34412 must be vacated. *Bromwell and Cornish v. State,* 8 Md. App. 382; *Powell v. State,* 1 Md. App. 495; *Burks v. State,* 1 Md. App. 81. Compare *Cottrell v. State,* 1 Md. App. 520. As the court imposed a general sentence upon each of the appellants

and the sentences do not exceed the statutory limit for robbery and assault and battery our vacating of the conviction on the second count of #34412 does not require that the sentence be disturbed. *Powell v. State, supra.*

> *As to each appellant: judgment as to the fourth count of Indictment #34409 and as to the fifth count of Information #34412 affirmed; judgment of conviction as to second count of Information #34412 vacated, the offense charged therein merging into the conviction of the offense under the fourth count of Indictment #34409.*