## MICHAEL EARL KOBER *v.* STATE
## OF MARYLAND

[No. 523, September Term, 1969.]

*Decided August 13, 1970.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Robert Anthony Jacques,* with whom was *John J.
Mitchell* on the brief, for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, J.
Thomas Clark, State's Attorney for Queen Anne's County,
William A. Linthicum, State's Attorney for Montgomery
County,* and *William M. Cave, Assistant State's Attorney
for Montgomery County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Michael Earl Kober, the appellant, was convicted of un-
natural and perverted sexual practices, rape, and kidnap-
ping. The crimes were committed in an unusually cruel
and vicious manner. Such factual details as are neces-
sary are presented with the contentions concerning them.
After the case had been removed from Montgomery
County to the Circuit Court for Queen Anne's County,
Kober was tried before a jury and sentenced to a total
term of 60 years by the presiding judges, J. DeWeese
Carter and B. Hackett Turner, Jr.

## I Principal in the Second Degree

Kober alleges the trial court committed plain error in
the instructions by advising the jury that guilt could be
found if Kober "personally committed these crimes . . .
or . . . was present at the scene of the commission ac-
tively aiding, abetting or assisting others in their com-
mission . . ." He relies on *State v. Magliano,* 7 Md. App.
286, 255 A. 2d 470 holding an accessory after the fact,
who was not present at the time of the crime, could be
convicted only after the principal had been first con-

victed. As pointed out in the recent case of *Jeter v. State,*
9 Md. App. 575, 267 A. 2d 319, the rule as to trial of ac-
cessories does not apply to principals in the second de-
gree; the latter may be convicted if the evidence shows
a guilty principal in the first degree whether or not he
has in collateral proceedings been actually convicted of
the crime. Since the court's instructions here allowed con-
viction only if Kober were a first or second degree prin-
cipal, there was no error.

## II Sufficiency of the Evidence

Kober contends there was no evidence sufficient to es-
tablish him as one of the criminal agents. He does not
contend the testimony of the prosecuting witness was not
sufficient to establish the occurrence of the three crimes.
The prosecutrix, although unable to identify Kober as one
of the participants, testified all three men participated
directly in all three crimes. Stephen Lee Walsh, who was
confined in a hospital room with Kober, testified that dur-
ing the long hospitalization, Kober told him they picked
up a girl at the Hot Shoppe, took her out on Route 29 and
raped her, detailing the acts of burning her, the perverted
practices, and the urinating on her. Describing their ac-
tivities as "pagan style rape", Kober told Walsh that he,
Kober, was present throughout the commission of the
crimes, with many of the descriptions being in the first
person plural "we." Kober's statement to the police ad-
mitted that on the night of the crimes he was with the
two other men who were indicted for the crimes. One of
these two men was identified by the victim. In talking
to Walsh, Kober recited the very specific details of these
unusual crimes which agreed with the prosecutrix's testi-
mony. Walsh had discussed the crimes with no one else
from whom he could have received these details. Walsh's
self-interest in cooperating with the prosecution was fully
developed before the jury, which evidently chose to be-
lieve him. The testimony was entirely adequate to sup-
port the verdict.

Kober attacks Walsh's credibility as a witness; how-

ever, credibility of witnesses is for the trier of facts, not for this Court. *Gardner v. State,* 8 Md. App. 694, 261 A. 2d 799, *Bromwell v. State,* 8 Md. App. 382, 259 A. 2d 577, and *Lindsay v. State,* 8 Md. App. 100, 258 A. 2d 760.

### III  Jurors' Scruples Against Capital Punishment

The trial court asked the jurors on voir dire:

> "Does any member of the Regular Jury or Tales Jury have any conscientious or religious scruples against finding a verdict of guilty, if the evidence justifies that verdict under the law, where the penalty might be death?" [1]

Although several jurors responded that they held such scruples, no juror was excused from service for that reason. Counsel for the State and the defense accepted as jurors some of those indicating they had scruples against capital punishment. When the jury returned its verdicts as to rape and kidnapping, it indicated the verdicts were guilty without capital punishment. The court accepted the verdict as to the rape charge but informed the jurors that as to the kidnapping charge they had not found a proper verdict and they must return to their room and reconsider. The court also informed the jury it could attach a recommendation of mercy but this recommendation would not be binding on the court. Thereafter, the jury returned a verdict of guilty of kidnapping with a

---

1. In *Curtis v. State,* 4 Md. App. 499, 243 A.2d 656, we indicated better practice would preclude such a question in view of Chapt. 500 of Laws of Maryland 1967, codified as Md. Code, Art. 51, § 8A. This statute was repealed by Chapt. 408 of Laws of Maryland 1969, codified as Md. Code, Art. 51, § 9, etc. Section 9 (b) now provides:

> "No person shall be disqualified, excused, or excluded from service in a particular case as a juror of this State by reason of his beliefs against capital punishment unless such belief would prevent his returning a verdict of guilt or innocence according to law."

Thus the question would seem to be proper now if followed by a second question as to whether the belief was strong enough to prevent the rendition of a verdict of guilt or innocence according to law.

recommendation of mercy, which the trial judges accepted.

Kober alleges jurors not believing in capital punishment misrepresented their conscientious scruples against capital punishment and misled him. He relies on 47 Am.Jur.2d, *Jury,* § 209:

> "There is authority that if a juror falsely misrepresents his interests or situation on voir dire examination, or conceals a material fact relevant to the controversy, he is guilty of misconduct, and such misconduct is prejudicial to the party, for it impairs his right to challenge, and it may be ground for a new trial."

Assuming without deciding that the law on these facts is as contended by Kober, he is entitled to no relief since this Court is unable to see any prejudice to his position. If he had challenged all the jurors with scruples against capital punishment, they would have been replaced by jurors without such scruples, resulting in no improvement of his position. Quite possibly, the jury's recommendation against capital punishment was a deciding factor in the court's decision not to impose a death penalty on the kidnapping charge, making the presence of jurors with scruples against capital punishment a direct benefit to Kober. The error, if any, was harmless beyond a reasonable doubt even if it is considered to be a constitutional error. *Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705.

*Judgments affirmed.*