CHARLES FRANCIS THOMPSON *v.* STATE OF MARYLAND

[No. 261, September Term, 1967.]

32

*Decided April 22, 1968.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, and THOMPSON, JJ.

*Charles L. Carter, Jr.,* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William B. Whiteford, Jr., Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Charles A. Herndon, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellant was found guilty by a jury in the Criminal Court of Baltimore of the following offenses and punishment was imposed as designated: larceny of $265 of the money of Joseph G. White, 6th count of indictment No. 4048—15 years; larceny of the use of an automobile of Paul V. Forrest, the younger and his agents, 3rd count of indictment No. 4045—1 year consecutive with the sentence under indictment No. 4048; glue sniffing, indictment No. 4079—a fine of $25.

## SPEEDY TRIAL

The appellant contends that he was denied his constitutional right to a speedy trial. He was presented on August 18, 1966, indicted on August 30, 1966, his trial commenced on May 23, 1967 and was concluded on May 26, 1967. During the period between indictment and trial he was arraigned on 6 September and re-arraigned on 14 September. On 20 September he filed a motion to dismiss the indictments and a motion for discovery and inspection. On 26 September he filed a written plea of "not guilty, not guilty—insane then and now." The next day

an order of court directed that he be transferred to the Clifton T. Perkins State Hospital for examination and evaluation. On 29 November a medical report was filed.[1] On February 8, 1967 the State answered the motion for discovery and inspection and the motion to dismiss the indictments. On 6 April the State filed supplemental answers to the motions. The motion to dismiss the indictment was not on the ground that a speedy trial had been denied him. The appellant claims that he filed a motion for dismissal on the ground of denial of a speedy trial "sometime after April 18, 1967." The record does not disclose this motion, but in any event, the matter was considered by the court on 24 May at which time he alleged that the case had been set for trial on 8 February and 13 April but postponed by the court at the request of the State's Attorney. On the first occasion, however, it appeared that one of the reasons for the postponement was that the appellant's counsel was "going to the hospital on 13 February" and "acquiesced" in the postponement. He was in the hospital about 14 days—"I was operated on a Monday and came back to work the second Monday after that. I wasn't in any shape of trying a case." On 13 April the State requested the postponement because all its witnesses were not present. The appellant was consulted at that time and elected to have all the cases tried together rather than proceed with those cases in which the witnesses were present. We see no capricious or purposeful delay on the part of the State. Therefore such delay as existed was not unreasonable or unnecessary and was not a delay in the constitutional sense. Further, the accused waived his right to a speedy trial by failing to demand it. Assuming that he demanded it shortly after 18 April, the time between that demand and his trial was not an unreasonable delay. In any event, he has shown no actual prejudice caused by undue delaying tactics of the State. *Fabian v. State,* 3 Md. App. 270. We hold that the appellant was not denied a speedy trial.

## THE CHARGE TO THE JURY

In its instruction to the jury the lower court said:

"In these cases, as in all other criminal cases, the

---

1. The appellant withdrew his pleas of not guilty by reason of insanity immediately prior to trial.

burden of proof is upon the State to prove every element of a crime charged against the defendant. Therefore I say to you that the accused is presumed innocent until proven guilty beyond a reasonable doubt. This presumption of innocence attends him throughout the trial until overcome by proof establishing his guilt beyond a reasonable doubt and to a moral certainty. The defendant is entitled to every inference in his favor which can reasonably be drawn from the evidence. Now while the burden is upon the State of establishing proof of every fact material to the guilt of the defendant, including every circumstance that enters into the crimes charged beyond a reasonable doubt and to a moral certainty, that does not mean, however, that the State must prove the defendant guilty to an absolute or mathematical certainty. It means such evidence as you would act upon in a matter involving important affairs in your own life or in your own business or with regard to your own property. Now if the evidence is such that you would act upon it in very important matters in your own life then it is sufficient to convict in a criminal case. Evidence is sufficient to remove a reasonable doubt when it convinces the judgment of an ordinarily prudent man or woman of the truth of a proposition with such force that he or she would act upon that conviction without hesitation in his or her own important affairs. To prove guilt beyond a reasonable doubt it is not necessary that every conceivable coincidence consistent with innocence be negatived."

The appellant claims that this instruction was "tantamount to an instruction that the State only had to prove its case by the preponderance of the evidence." We do not agree. We think that the challenged instruction correctly stated the law. We approved comparable language in *Avey v. State,* 1 Md. App. 178, 189, and the Court of Appeals approved practically identical language in *Lambert v. State,* 193 Md. 551, 558-561. We find no error in the instruction.

## THE LINEUP

The appellant contends that because he did not consent to appear in a lineup, he was denied his constitutional right against self-incrimination. The testimony with respect to the identification of the appellant in a lineup to which the appellant refers in his brief was admitted in evidence without objection by him. The point is, therefore, not properly before us. Md. Rules, 1085. In any event, we think it clear that the placing of an accused in a lineup without his consent is not constitutionally proscribed. *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149. The requirements as to the presence of counsel at a lineup announced in *Wade* and *Gilbert v. California,* 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178, do not apply to the appellant as the lineup in which he appeared was held prior to the decisions in those cases and they are not retroactively applied. *Stovall v. Denno,* 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199; *Tender v. State,* 2 Md. App. 692, 695-696.

## THE ARREST

The appellant contends that the evidence produced against him should have been suppressed and the indictments against him should have been dismissed because his arrest was illegal. Evidence adduced by the State on the issue of the arrest showed that a police officer saw an automobile containing three male persons parked beside a tavern. Two were in the front seat (the appellant was on the right side of the front seat) and one in the back. "All three of them had paper bags up to their faces." When they saw the officer "they all three dropped the paper bags and jumped out of the automobile and started running." The officer chased the appellant on foot and then in a cruising patrol car. The car caught up to the appellant and he stopped on order of the officer. When the officer got out of the car the appellant again ran. "By that time he was pretty well tired. He cut up an alley. There were kids playing in the alley. I reached out and grabbed him by the shoulder * * * He seemed to be in an intoxicated condition." He "had a strong odor of what appeared to be glue on his person. There were traces of white residue which appeared to be glue on his fingers and on his shirt * * * His face was flushed and the pupils in his eyes were

real big * * * extra large * * * that indicates he was under some kind of a form of drug or narcotic or intoxicated * * * While I was chasing him, as he was running, it wasn't the way a normal person would run. This was more of a lope, of a long stride of one foot coming down and a hop in the air. He would go like a gazelle or a gnu." The officer placed the appellant under arrest. The officer had made other arrests involving the crime of glue sniffing and was familiar with the methods of sniffing glue and its effect on the person inhaling it. We think it clear that the officer observed the appellant committing a misdemeanor in his presence. Md. Code (1967 Repl. Vol.), Art. 27, § 313A. We said in *Salmon v. State,* 2 Md. App. 513, 522:

> " 'Presence' is a word of art, denoting that the commission of a misdemeanor is perceptible to the officer's senses, whether they be visual, auditory, or olfactory. * * * [A] crime is committed in the presence of an officer where his senses afford him knowledge that such is the fact; and that where some evidence of a commission of a misdemeanor reaches an officer through his senses, and it is augmented by other strongly persuasive facts in his possession, all of which is sufficient to convey virtual knowledge to any normal mind that the misdemeanor is then being committed, the officer may act upon such information as being tantamount to actual knowledge that the misdemeanor is being committed in his presence."

Flight, under the circumstances here, could reasonably be viewed as evidence of guilt of a particular crime, namely glue sniffing proscribed by Md. Code, (1967 Repl. Vol.), Art. 27, § 313A. See *Salmon v. State, supra.* Accordingly the appellant's arrest was grounded upon the reasonable belief that he was committing a misdemeanor in the presence of the officer. Therefore the arrest was legal. *Crosby v. State,* 2 Md. App. 578; *Crumb v. State,* 1 Md. App. 98. In any event, even an illegal arrest would not affect the jurisdiction of the court, would not be a ground for dismissing the indictment and would not preclude trial and conviction for the offenses. *Nadolski v. State,* 1 Md.

App. 304; *Powell v. State,* 1 Md. App. 495. And where evidence is not seized as a result of an illegal search, it is not rendered inadmissible by an illegal arrest. *Fisher v. State,* 1 Md. App. 505. We find no error in denying the motions to dismiss the indictments and to suppress the evidence on the ground that the arrest was illegal.

## THE OFFENSE OF GLUE SNIFFING

The appellant attacks his conviction of the offense of glue sniffing on two grounds. First he alleges that the indictment was stetted, and, second, he contends that the evidence was not sufficient to sustain the conviction.

### The Stet

At the conclusion of the evidence offered by the State a motion for judgment of acquittal as to indictment No. 4079 charging the crime of glue sniffing was denied by the lower court. After a "luncheon recess" at a bench conference the Assistant State's Attorney said, "We will enter a stet in 4079." The transcript shows the following colloquy:

> "The Court: You are not pressing the addendum in indictment 4079?
> Mr. Herndon: We are not pressing the addendum in 4079.
> The Court: So that the issue of the addendum will not be given to the jury and is withdrawn, is that correct?
> Mr. Herndon: Yes."

It is obvious that the reference to the stet by the State concerned only the addendum to indictment No. 4079 which warned the appellant that the State intended to prosecute him for the current offense as a second offender. See Md. Rules, 718. That defense counsel understood this is clear. At a conference at the close of all the evidence the State said it was pressing only the current offense of glue sniffing, not the addendum, the court remarking, "Yes, I took the addendum off as per your request." Defense made no objection either at that time or when the court referred to indictment No. 4079 in its instructions to the jury, and, in fact, had renewed its motion for judgment of acquittal

as to that indictment at the close of all the evidence. The record shows that a nolle prosequi was entered to the addendum. There is no merit to this contention.

## The Evidence

Md. Code, *supra*, Art. 27, § 313A makes it a crime to deliberately smell or inhale such excessive quantities of any noxious substance "containing solvents releasing toxic vapors, as to cause conditions of intoxication, inebriation, excitement, stupefaction or dulling of the brain or nervous system." The section provides that it "applies with particularity to fingernail polish, model airplane glue, or any other substance or chemical which has the aforementioned effect upon the brain or nervous system when smelled or inhaled."

At the guilt stage of the proceedings there was evidence adduced by the State which was in substance the same as that herein summarized with regard to the arrest of the appellant, except that more detail was elicited as to the methods involved in glue sniffing. The evidence was corroborated by another officer who also testified that the three brown paper bags containing a substance which smelled like glue were recovered from the car in which the appellant was seated, two bags from the front seat and one bag from the rear seat. In the glove compartment of the car were four unused tubes of "Pastor Glue." There was further evidence that the appellant when apprehended was "more or less incoherent" in speech and had an odor which in the opinion of the officer was glue. The bags were admitted in evidence and there was testimony that the tubes contained glue or cement used for plastic models. It was indicated that it was the type "normally employed by people who wish to intoxicate themselves from glue sniffing" and the inhaling of it would cause "intoxication or a numbing effect."

We hold that there was legally sufficient evidence on which the jury could find the appellant guilty beyond a reasonable doubt and that there was not error in the denial of the motion for judgment of acquittal as to indictment No. 4079. *Agresti v. State,* 2 Md. App. 278. Compare *Palacorolla v. State,* 232 Md. 435.

## THE LARCENY

The appellant attacks his conviction under the 6th count in indictment No. 4048 on the ground that the evidence was not sufficient to sustain a conviction. There was evidence showing that a "young fellow" entered a tavern about 11:30 P.M. on July 30, 1966, pointed a gun at the bartender and said it was a holdup, "don't nobody move." A few seconds later two more "young fellows" came in and went to the cash register. They "hit it open, started going through the cash register, sticking bills in their pockets." They also searched a drawer next to the cash register. The appellant was identified in court by four witnesses as one of the persons who went to the cash register and took money out of it. The one with the gun robbed a customer of his wallet and then started to "rifle through" a woman's purse on a table at which a male customer was sitting. The customer grabbed the gun and knocked the gunman to the floor and "straddled him." He was forced to break his hold when he was hit on the head by a glass ash tray. "We fought through the bar, out the front door, up the sidewalk and the gun went off." The gunman broke away and started running. The customer chased him and "he spun around and fired two shots." He then ran to a car and drove away. The customer "took the the tag number," went back in the bar, told someone to write the number down and called the police, reporting the license number to them. The owner of the tavern, who was in his residence above the tavern when the robbery occurred, and an employee testified that $265 was taken from the register. The amount was ascertained by checking out the register. No bills were left in the register after the robbery, only $4.90 in change.

We find that there was evidence legally sufficient for the case to go to the jury and for the jury to find the appellant guilty beyond a reasonable doubt. *Agresti v. State, supra.* The allegations of the appellant go primarily to the weight of the evidence but this Court does not inquire into and measure the weight of the evidence, which is a matter for the jury. *Graef v. State,* 1 Md. App. 161; *Culver v. State,* 1 Md. App. 406.

## THE LARCENY OF THE USE OF THE AUTOMOBILE

The appellant contends with respect to indictment No. 4045

under which he was convicted of the unauthorized use of the automobile of Paul V. Forrest that the court erred in refusing to grant his motion to dismiss the indictment, and his motion for judgment of acquittal.

### The Indictment

The third count, under which the appellant was convicted, described the automobile as "one Ford convertible automobile, 1965 model, Serial 5N-66C112345." The appellant moved to dismiss the indictment on the ground that the automobile was in fact a hardtop and not a convertible. Prior to trial the court permitted the State to amend the indictment to state that the automobile was a hardtop. See Md. Rules, 714 a; *Corbin v. State,* 237 Md. 486. There was no error in the denial of the motion to dismiss the indictment.

### The Judgment of Acquittal

There was entered in evidence by agreement, the following stipulation:

> "Miss Irene Forest, a nurse at Children's Hospital parked her father's 1965 Ford bearing Maryland License BZ 9262 at the Irving Cross Lot which is 401 N. Calvert Street at 7:15 A.M. on August 2nd, 1966. Upon her return in the afternoon the car was missing and was reported by her to the police as stolen. The car belonged to Mr. Paul Forest, her father, and was given to Miss Forest with his permission and was in her care and custody at the time of the alleged theft. It's value was in excess of $2,000. The car was returned to her by the Police Department. No permission was given by Miss Forest or her father to anyone else to drive the car."

The police officer who arrested the appellant testified that he saw the appellant in "a 1965 Ford, Maryland license BZ 9262." It was the automobile from which the appellant ran shortly before his arrest, and from which the brown bags and tubes of glue were recovered. The officer also testified without objection that the owner of the automobile was Paul Forrest and that Miss Forrest had custody of it when it was taken from the lot

where it had been parked by her. In answer to an inquiry by the court, he gave, without objection, the serial number as 5N66C112345.

In view of this evidence the contention of the appellant that the State did not prove that the automobile owned by Paul V. Forrest was the automobile in which the appellant was seen is without merit.

Equally without merit is the contention that the evidence was not sufficient to convict the appellant of the larceny of the use of the automobile. The evidence showed that the automobile was taken without permission and the appellant was seated in it when it was observed in a location removed from where the rightful possessor had parked it. The evidence and inferences drawable therefrom were legally sufficient for the issue to go to the jury and for it to find the appellant guilty beyond a reasonable doubt. *Agresti v. State, supra.* We find no error in the denial of the motion for judgment of acquittal.

*Judgments affirmed.*