LOUIS JOSEPH SEARS *v.* STATE OF
MARYLAND

[No. 236, September Term, 1969.]

*Decided April 27, 1970.*

The cause was submitted to MURPHY, C.J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Stanley S. Cohen* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Stephen Montanarelli, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Appellant, Louis Joseph Sears, was indicted in the Criminal Court of Baltimore upon three indictments. Indictment #3676 charged him with assault with intent to murder (first count) and common law assault (second count). Indictment #3677 charged him with attempted incest (first count), assault with intent to rape (second count), assault with intent to have carnal knowledge of a female child under the age of 14 years (third count), and common law assault (fourth count). Indictment #3678 charged him with an unnatural and perverted sexual practice.

Appellant entered written pleas of (1) not guilty by reason of insanity at the time of the alleged offenses; (2) insane now; and (3) not guilty in each of the three indictments. Before the trial began the trial judge held an evidentiary hearing on appellant's competency to stand trial and, after receiving testimony and evidence, found that appellant was able to understand the nature or object of the proceedings against him and to assist in his defense and met the test as set forth in Article 59, § 7, Maryland Code.

Appellant was tried on January 21, 1969 by a jury, Judge Albert L. Sklar presiding. After the jury was sworn and empanelled, the jury was excused and the trial court proceeded, out of the presence of the jury, to determine preliminarily whether there was sufficient proof to raise a doubt to appellant's sanity in the minds of reasonable men in accordance with the procedure laid down by this Court in *Strawderman v. State*, 4 Md. App. 689; *Rozzell v. State*, 5 Md. App. 167. From the testimony the trial court found that the proof produced in support of the plea of insanity by appellant was sufficient to raise a doubt as to the sanity of the accused in the minds of reasonable men as set forth in Article 59, § 9, Maryland Code, and that evidence on this issue should now be introduced before the jury as to the matter of insanity at the time of the commission of the crimes alleged in the indictments.

On the issue of sanity, the jury found appellant to be sane at the time of the acts alleged to have been committed under each of the three indictments. The jury further found appellant guilty of common law assault under Indictment #3676 (second count) ; guilty of attempted incest under Indictment #3677 (first count) ; guilty of assault with intent to have carnal knowledge of a female child under the age of 14 years (third count) ; and guilty of an unnatural and perverted sexual practice under Indictment #3678. Appellant was sentenced to a term of five years under Indictment #3676 (assault), ten years under the first count of Indictment #3677 (attempted in-

cest), twenty years under the third count of Indictment #3678 (assault with intent to have carnal knowledge of a female child under the age of 14 years), and ten years under Indictment #3678 (unnatural and perverted sexual practice) ; all sentences to run concurrently.

Appellant raises three questions upon this appeal:

1) Was there an improper consolidation of un-related offenses which prejudiced the appellant at the time of trial?
2) Did the trial court err in its instructions to the jury?
3) Did the trial court err in admitting over objection alleged hearsay testimony to the prejudice of the appellant?

Rosemary Jean Sears, the complaining witness, testified that she was 11 years of age and had been living, off and on, with her father, the appellant, prior to June of 1968; that on June 9, 1968, while living with her father, her father had taken her to a bar known as Mike's Café at approximately 6:00 p.m., where they remained until 9:00 p.m., after which the two of them went home to watch television, and later returned to the bar at approximately 11:00 p.m. They stayed in the bar until 1:00 or 2:00 a.m. and during the time they were in the bar she had some soda to drink while the appellant was drinking beer and playing pool. They then returned home and her father went into the kitchen where he got a knife, pushed her down on a couch and told her he was going to kill her. She was cut on the upper left breast, after which she passed out. When she regained consciousness her father was crying. She then asked that she be allowed to go to the bathroom, to which her father finally consented. After she reached the bathroom, she climbed out of a window and fled down the fire escape and ran to the Southern Baltimore Police station where she related what had happened. She was then taken to the hospital where she received treatment and was then taken to the home of a Mrs. Dyson where her sister lived. She further testified that on

May 31, 1968, between 1:00 and 2:00 a.m., appellant had compelled her to commit certain perverted sexual acts by forcing her to take his organ in her mouth and had also placed it in her privates and that this had occurred on a number of other occasions.

## I

Appellant's first contention is that the three indictments were improperly consolidated for trial. At the time the appellant was arraigned and prior to the jury being sworn there was no request by appellant for a severance of the three indictments. In fact, the record discloses that both the appellant and the State were satisfied to have the three indictments tried at the same time. The three indictments involved the same parties and all involved related events that took place between them, out of which the charges arose.

Maryland Rule 734 provides: "The court may order two or more indictments to be tried together if the offenses and the defendants, if there be more than one, could have been joined in a single indictment." While the court passed no formal order that the three indictments be tried together, it is apparent from the record that the joinder was with the consent of the appellant and the State. Since the trial judge concluded that neither the accused nor the State would be prejudiced by a joinder for trial, as provided in Maryland Rule 735, we find that the trial judge acted properly in consolidating the indictments and there was no abuse of his discretion. See *Wilson, et al. v. State,* 8 Md. App. 653; *Briscoe v. State,* 3 Md. App. 462; *McLaughlin v. State,* 3 Md. App. 515.

## II

Appellant's second contention is that the trial court erred in its instructions to the jury, in that it failed to inform the jury that any instructions on the law given by the trial court are merely advisory in nature. Maryland Rule 756 (b). We find no merit to this contention. The instructions given by the trial court on the issue of

insanity and the other issues involved were full and comprehensive. In his opening instructions to the jury the trial judge stated: "* * * However, in criminal cases, under the existing law in Maryland you, as jurors, are both the judge of the law and the facts. Therefore, anything I say to you about the facts, as I said, is merely advisory. Concerning the applicable law, it is intended to help you but you are at liberty to reject the Court's instruction on the law and to arrive at your own independent conclusion of the law if you desire to do so in your own wisdom." After next explaining to the jury that appellant had filed a plea of not guilty by reason of insanity, the court read to the jury the applicable statute relating to the test of responsibility for criminal conduct as set forth in Article 59, § 9 (a) of the Code as follows: "A defendant is not responsible for criminal conduct and shall be found insane at the time of the commission of the alleged crime if, at the time of such conduct as a result of mental disease or defect, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law. As used in this section, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or other anti-social conduct." The trial court then went on to fully explain the statute as it applied to appellant's criminal responsibility. During his explanation of the wording of the statute, the trial judge stated: "I must add, however, that the law does say one vitally important thing about what does not constitute mental disease or defect within the meaning of the legal standard of responsibility that you are obligated to apply. It says that mental disease or defect 'does not include an abnormality manifested only by repeated criminal or otherwise anti-social conduct.' In other words, the law declares that you must reject any diagnosis of disease or defect which rests on nothing more than the conception that a person who repeatedly defies the law or the demands of organized society is sick."

Appellant maintains that this language was mandatory

in nature and thus violated Article XV, Sec. 5 of the Constitution of the State of Maryland which provides that in criminal cases the Jury shall be the Judges of Law as well as of fact. This provision of the Constitution is applied specifically to judicial instructions by Md. Rule 756 (b) which in pertinent part states: ". . . The court shall in every case in which instructions are given to the jury, instruct the jury that they are the judges of the law and that the court's instructions are advisory only." Maryland Rule 756 (f) provides that any party wishing to make an objection to any instruction shall do so before the jury retires. Maryland Rule 756 (g) provides that on appeal this Court will only consider alleged errors in the trial court's instructions if (1) objection was made at trial and the grounds therefor were stated or (2) plain error exists in the instructions which were material to the rights of the accused.

At the conclusion of his instructions, the trial judge stated: "* * * As I advised you earlier, you are the sole judges of the law and of the facts in these cases. * * * [A]nything I may have said about either the law or facts are purely advisory." We find that there was sufficient compliance with Maryland Rule 756 (b) and, moreover, that portion of the instructions given by the trial court objected to by appellant must be taken in context with the balance of his instructions which fully and completely explained Article 59, Sec. 9 (a) relating to the test of responsibility for criminal conduct. The record reveals that no objection was made at trial by appellant to the instructions as given by the trial judge. Thus under Maryland Rule 756 (g), appellant will be granted relief only if the instructions were plain error and material to his rights. We find from the record that the complete instructions given by the trial court were a fair and accurate statement of the law as applied to the plea of insanity, as set forth in Article 59, Sec. 9 (a), Maryland Code, and thus there is no plain error. *Jones v. State,* 229 Md. 472-474; *Graef v. State,* 1 Md. App. 161.

## III

Appellant's final contention is that the trial court erred in admitting the testimony of Officer John Matthews of the Baltimore City Police Department.

Officer Matthews testified that on June 10, 1968 at 2:20 a.m. he met Rosemary Sears, the prosecuting witness, at the Southern District police station. He stated that she related her name and address to him and that earlier that evening she had accompanied her father to Mike's Café. Objection to this testimony was made by appellant, alleging that the officer's testimony was hearsay. The objection was overruled, the court stating: "This is one of the exceptions." No further objection was made nor did the trial court explain its ruling. Officer Matthews then testified that Miss Sears told him that upon arriving home with her father at approximately 1:45 a.m. her father stabbed her in the left side of the chest with a penknife. She then stated that her father slapped her, that she lost consciousness, and that upon regaining consciousness escaped out of the bathroom window to the fire escape and made her way to the police station.

Appellant urges that the trial court erred in admitting, over objection, the testimony of Officer Matthews as to his conversation with Miss Sears at the police station. However, we think that no error was committed. Following her escape, after the assault made upon her by her father, she went directly to the Southern District police station. All this happened within a space of less than a half of an hour. The officer stated that when he interviewed her, she was very excited and she had scratch marks on the upper part of her chest, left side, and that they had been bleeding. We find that the statement made to the officer was admissible as part of the *res gestae,* and that no error was committed on the part of the lower court. "The test as to whether a declaration or act offered in evidence is part of the *res gestae* is whether it was contemporaneous with the commission of the crime and so connected with it as to illustrate its character." *Wilson v. State,* 181 Md. 1, quoted in *Reckard v. State,* 2 Md.

App. 312. See *Stevens v. State,* 232 Md. 33, where the deceased's statement was made more than two hours after she was beaten, the Court held that it was so closely connected with the main fact as to constitute a part of it and thus it qualified as part of the *res gestae.* Here the victim after escaping from her father, and from what she thought was an attempt to kill her, made her way immediately to the police station where she reported what had taken place. Her statement was made spontaneously and obviously as the result of fear and excitement caused by appellant's assault upon her. We find that under the circumstances a sufficient causal connection between the crime and the statement was shown and hence appellant's contention is without merit.

## IV

We note, however, that Indictment #3677 charged attempted incest in the first count, assault with intent to rape in the second count, assault with intent to have carnal knowledge of a female child under the age of fourteen in the third count, and common law assault in the fourth count. The State did not press the second count of the indictment and only counts one, three and four were submitted to the jury. The jury found appellant guilty under the first count and the third count, and the trial judge sentenced appellant to twenty years upon conviction of the third count. Md. Code, Art. 27, Sec. 12 in pertinent part provides:

> "Every person convicted of the crime of an assault with intent to have carnal knowledge of a female child under the age of 14 years, or with intent to rob shall be guilty of a felony and shall be sentenced to confinement in the Maryland Penitentiary for not less than two years or more than ten years . . ."

The statute thus provides that the maximum penalty in this State for assault with intent to have carnal knowledge of a female child under the age of fourteen is ten

years. This differs from the provision for assault with intent to rape, which carries a possible death penalty, life imprisonment or imprisonment up to twenty years. Had the State pressed the second count of Indictment #3677, charging assault with intent to rape, and had the jury found the appellant guilty therein, the twenty year sentence would have been proper. The appellant's conviction under the third count was for assault with intent to have carnal knowledge of a female child under the age of fourteen, and the maximum penalty therefor being ten years, appellant's twenty year sentence exceeds the maximum penalty set forth in the statute. We therefore remand appellant's conviction under the third count of Indictment #3677 back to the lower court to correct the illegal sentence.

> *Judgments affirmed except as to sentence on third count of Indictment 3677, which is vacated and case remanded for the imposition of a proper sentence.*