ELVERT STREET, THE YOUNGER A/K/A MARVIN ELVERT STREET *v.* STATE OF MARYLAND

[No. 471, September Term, 1974.]

*Decided May 28, 1975.*

The cause was argued before MOYLAN, POWERS, GILBERT and MASON, JJ.

*Alan J. Bloom, Assigned Public Defender,* for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Michael S. Glushakow, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

The appellant, Elvert Street, Jr., was convicted in the Criminal Court of Baltimore by a jury of murder in the first degree, robbery with a deadly weapon and violation of the handgun law. He was sentenced by Judge Charles D. Harris to a term of life imprisonment for the murder conviction, a twenty year concurrent term for the robbery conviction and a ten year concurrent term for the handgun conviction.

In seeking a reversal of the judgments below the appellant contends:

I. That the trial court erred in instructing the jury not to consider the element of self-defense.

II. That the trial court erred in instructing the jury as to the explanation of reasonable doubt and burden of proof.

According to the facts adduced at the trial, George Dutton, age 66, was shot and killed in an alley in the rear of the 2300 block of E. Jefferson Street in Baltimore City.

Augustus Roberts testified that the appellant and he accosted the victim and forced him into the alley; that the appellant at gunpoint demanded and was given money by the victim; that he, Roberts, took the victim's wallet from his back pocket and left the alley; that shortly thereafter he heard a shot and saw the appellant run from the alley; that approximately twenty to twenty-five minutes later he saw the appellant and asked him why he shot the man; that the appellant said, "because the man had pulled out some

338

scissors on him." A pair of scissors was found with the victim's clothing.

The appellant did not testify at the trial or introduce any evidence on his behalf.

### Self-Defense

After a historical and comprehensive explanation to the jury of its role as judge of the law and the facts in a criminal case and its right to disagree with the court's advisory interpretation of the law, the trial court instructed the jury, *inter alia*, on the applicable law of self-defense.

> "I instruct you that under the Maryland law the burden is upon the defendant who asserts self-defense to prove self-defense by a preponderance of the evidence. For that reason I advise you that under the Maryland law that there has been no sustaining of the burden of proof by the defendant, of proving self-defense on his part by a preponderance of the evidence. I advise you that you should not consider the element of self-defense in this case for that reason."

The appellant seasonably objected and complained that the instructions negated matters he had argued to the jury.

On appeal, he argues that since the jury was the judge of the law and facts, the issue of self-defense was improperly removed from their consideration and a self-defense instruction should have been given. The force of this argument is diminished when viewed in the frame of reference of the facts and circumstances here.

It is a settled rule in this State that self-defense is an affirmative defense and the defendant has the burden of proving self-defense by a preponderance of the evidence. *Gunther v. State*, 228 Md. 404, 410-411, 179 A. 2d 880, 883 (1962); *Chandler v. State*, 7 Md. App. 646, 651, 256 A. 2d 695, 697 (1969). In *Tipton v. State*, 1 Md. App. 556, 560, 232 A. 2d 289, 291 (1967) this Court said:

> "In order to justify an assault on the basis of

self-defense, the accused must have had reasonable grounds to believe, and have in fact believed himself to be in apparent imminent or immediate danger of death or serious bodily harm from his assailant or potential assailant. The trier of facts must determine whether the accused was justified in meeting force with force. If justification is found to have existed, the force used against the assailant must not have been unreasonable or excessive; *i.e.*, the defender must not have used more force than the exigency reasonably demanded."

Not one of the elements of self-defense, enumerated in *Tipton,* was present here.

The only evidence of self-defense in the instant case is the appellant's self-serving declaration to Roberts, that he shot the man "because the man had pulled out some scissors on him." Surely, this meager shred of evidence was too slight and doubtful in this fact situation to raise the issue of self-defense for jury consideration. *See O'Connor v. State,* 234 Md. 459, 461, 199 A. 2d 807, 808 (1964) (insufficient evidence to warrant an instruction on insanity); *Bateman v. State,* 10 Md. App. 630, 637, 272 A. 2d 64, 68 (1971); *Mock v. State,* 2 Md. App. 771, 775, 237 A. 2d 811, 813 (1968) (insufficient evidence to warrant an instruction on intoxication). If the appellant had requested an instruction on self-defense, which he did not, it would have been properly refused because it was not "supported by the evidence." *Peterson v. State,* 15 Md. App. 478, 498-499, 292 A. 2d 714, 726 (1972); Md. R. 756 b. If the instruction were granted, it would have been more than the appellant was entitled to. *See Jenkins v. State,* 238 Md. 451, 464-466, 209 A. 2d 616, 624 (1965) *vacated on other grounds, per curiam,* 383 U. S. 834, 86 S. Ct. 1237 (1966); *Fowler v. State,* 237 Md. 508, 512, 206 A. 2d 802, 804 (1965); *Crawford v. State,* 9 Md. App. 624, 628, 267 A. 2d 317, 319 (1970).

In addition to lacking factual support in the record to generate the issue of self-defense for jury consideration, the claim of self-defense was unavailable to the appellant as a

matter of law because he was an aggressor engaged in the perpetration of a robbery.

The applicable rule of law is well stated in 1 *Wharton's Criminal Law & Procedure*, 501, § 229 (12th ed. R. Anderson 1957):

> "While there is no fixed rule applicable to every case with reference to what constitutes one an aggressor so as to preclude his right to self-defense, it may be stated generally that any act of the accused in violation of law and reasonably calculated to produce the occasion amounts to bringing on the difficulty and bars his right to assert self-defense as a justification or excuse for a homicide. . . ."

In *Bruce v. State*, 218 Md. 87, 96-97, 145 A. 2d 428, 433 (1958), the following instruction was approved:

> ". . . in order to justify or excuse the killing of another on the ground of self-defense, it was necessary to establish that the defendant was not the aggressor and did not provoke the conflict;"

*State v. Millett*, 273 A. 2d 504, 509-510 (Me. 1971).

In *Smith v. State*, 209 Tenn. 499, 503, 354 S.W.2d 450, 452 (1961) the defendant, while engaged in the perpetration of a robbery of a liquor store, shot and killed the proprietor who attempted to shoot him. The Court held:

> ". . . The person who kills another while engaged in committing a felony cannot escape conviction from murder in the 1st degree by showing that his intent was not to kill, but to defend his own life or person. . . ."

See *Wilson v. State*, 215 Ga. 672, 676, 113 S.E.2d 95, 99 (1960); *Commonwealth v. Foster*, 364 Pa. 288, 292, 72 A. 2d 279, 281 (1950), where the court held that self-defense was not available to a defendant in a felony-murder.

It is clear the appellant in this case was not entitled to have the issue of self-defense considered by the jury.

Consequently, the instruction of the trial court advising the jury not to consider the element of self-defense, even if improper, was not reversible or prejudicial error [1] in the context of the advisory instructions as a whole. *See Wiley v. State,* 237 Md. 560, 565, 207 A. 2d 478, 481 (1965); *Gibson v. State,* 204 Md. 423, 440-442, 104 A. 2d 800, 809 (1954); *Sears v. State,* 9 Md. App. 375, 381-382, 264 A. 2d 485, 488 (1970).

Moreover, the fact that the instruction may have tended to negate appellant's argument to the jury is completely irrelevant since instructions may differ from argument of counsel.

> ". . . It cannot be successfully contended that the mere fact that the jury is informed that the court holds a different view of the law from that asserted by counsel constitutes prejudicial error."

*Schanker v. State,* 208 Md. 15, 22, 116 A. 2d 363, 367 (1955).

### Reasonable Doubt

The trial court instruction to the jury on reasonable doubt is as follows:

> "That means that if the evidence is sufficiently convincing to you that you would act upon that evidence in an important matter of your own, then it is enough evidence for you to convict in a criminal case. This is an important matter. It is not the most important matter in your life, and it doesn't necessarily mean buying a house or major matters of that kind. What an important matter is to you will vary among all twelve of you jurors. What may be important to one juror may be very unimportant to another juror. So, it is a matter of your individual judgment as to what is important to you. It isn't minor, but on the other hand, it isn't the most important decision that you will have to

---

1. The record of the hearing on the motion for a new trial reveals that the appellant's primary defense and argument to the jury was that Roberts shot the victim.

make in your lives. It could mean anything in your daily lives which in your daily lives is an important matter to you.

Thus evidence is sufficient to remove a reasonable doubt when it convinces you as an ordinarily prudent person with such force that you would act upon that conviction in your own important day-to-day affairs, because from such evidence you may conclude that the State has met its burden . . . of proving the guilt of the defendant beyond a reasonable doubt."

The appellant contends the instruction was inconsistent, confusing and incorrect. We do not agree.

In *Lambert v. State,* 193 Md. 551, 558, 69 A. 2d 461, 464 (1949), the Court of Appeals found no error in the following instruction on reasonable doubt:

"It means such evidence as you would act upon in a matter involving *important affairs in your life or your business or with regard to your property.* If the evidence is sufficient that you would act upon it in a *very important matter in your own lives,* then it is sufficient to convict in a criminal case." (Emphasis Supplied).

This Court, in *Thompson v. State,* 4 Md. App. 31, 35, 240 A. 2d 780, 783 (1968), approved the following explanation of reasonable doubt:

"It means such evidence as you would act upon in a matter involving *important affairs in your own life, or in your own business, or with regard to your own property.* Now if the evidence is such that you would act upon it in *very important matters in your life,* . . .

Evidence is sufficient to remove a reasonable doubt when it convinces the judgment of an ordinarily prudent man or woman of the truth of a proposition with such force that he or she would act

upon that conviction without hesitation in his or her *own important affairs.* "(Emphasis Supplied).

In attacking the instruction the appellant relies solely on that part which says:

> "It is not the most important matter in your life and it doesn't necessarily mean buying a house or major matter of that kind. . . . It isn't minor but on the other hand it isn't the most important decision that you will have to make in your lives."

Although certain parts of the instruction, taken out of context, may appear to give an inaccurate interpretation of the law, a careful reading shows that the instruction, when considered as a whole, can be reconciled and harmonized with the charges approved in *Lambert* and *Thompson, supra.*

The challenged instruction merely left to the judgment of each juror the determination of what was an important matter in his own life without presuming that buying a house or making a business decision was, necessarily, the only important matter in his life. The *Lambert* Court observed:

> ". . . the English language is not adequate to give a specific definition of 'reasonable doubt' that would simplify its meaning, for the rule requiring that the jury must be satisfied beyond a reasonable doubt is generally as simple and intelligible as a guide for the jury as any rule that could be formulated. In fact, it is recognized that the rule is quite frequently made obscure by attempts at definition, which serve to create doubts instead of removing them. This danger of confusing the minds of the jurors in attempting to define 'reasonable doubt' has prompted some of the trial judges to refuse to attempt to give any definition. Of course, a definition is not reversible error unless, by reason of peculiar circumstances or phraseology, such an instruction misleads or confuses the jury."

193 Md. at 559, 69 A. 2d 464. We hold that the jury was not misled or confused by the instruction.

*Judgments affirmed.*