Elvert STREET, Jr.

v.

WARDEN, MARYLAND PENITENTIARY.

Civ. No. Y–76–349.

United States District Court, D. Maryland.

July 22, 1976.

Elvert Street, Jr., pro se.

Arrie W. Davis, Asst. Atty. Gen., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Petitioner, Elvert Street, Jr. is incarcerated in the Maryland Penitentiary. On February 27, 1974, he was found guilty under Indictment No. 1814 of first degree murder and under Indictment No. 1815 of robbery with a dangerous and deadly weapon and unlawful use of a handgun in the commission of a crime of violence. The conviction followed a jury trial in the Criminal Court of Baltimore City with Judge Charles D. Harris presiding. On March 14, 1974, petitioner was sentenced to life imprisonment for the first degree murder conviction, 20 years for the robbery conviction, and 10 years for the handgun violation. All sentences were made concurrent.

Petitioner appealed his conviction to the Maryland Court of Special Appeals and the conviction was affirmed on May 28, 1975. See Street v. State, 26 Md.App. 336, 338 A.2d 72 (1975). On July 18, 1975 petitioner filed a petition under the Maryland Post Conviction Procedure Act. The petition was heard by Judge Solomon Liss on October 31, 1975, and dismissed by written opinion of November 5, 1975. On December 2, 1975, petitioner filed an application for leave to appeal Judge Liss' ruling with the Court of Special Appeals. That court denied the application on December 19, 1975.

Petitioner also filed an application for writ of habeas corpus in the Baltimore City Court. It was denied by Judge James W. Murphy of that court in a written opinion dated December 16, 1975.

In the instant petition, filed in this Court on March 4, 1976, petitioner raises two issues. First, he claims that his conviction violates his rights to due process as set forth in Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). The argument is that the trial judge's instructions to the jury shifted the burden of persuasion from the State to the petitioner on the issue of justification or excuse (in this case self defense). Second, he claims that the State violated his right to due process by knowingly using perjured testimony against him.

I.

As indicated above, petitioner bases his first claim upon the case of Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). In that case, the Supreme Court held unconstitutional the Maine rule which presumed malice in every unlawful intentional homicide. The rule placed upon the defendant the burden of proving by a preponderance of the evidence the existence of some justification or excuse to reduce the homicide to manslaughter. The Court held that the shift in the burden of persuasion deprived a defendant of due process which requires the State to prove every element of the crime beyond a reasonable doubt.

The facts relevant to this claim need not be recited in great detail. George Dutton was shot and killed in an alley behind the 2300 block of East Jefferson Street in Baltimore City. Augustus Roberts testified that petitioner and he accosted the victim and forced him into the alley. Petitioner demanded money from the victim at gunpoint. The victim surrendered some money, and petitioner directed Roberts to take the victim's wallet from his back pocket. Roberts did so and left the alley. Shortly thereafter, he heard a shot and saw peti-

tioner run out of the alley. Some time later, Roberts saw the petitioner and asked him if he shot the victim. Petitioner responded that he had to shoot the victim because the victim "pulled a pair of scissors" on him. A pair of scissors was in fact found with the victim's clothing.

The portions of the trial judge's instructions which might be argued to offend the *Mullaney* rule are the following:

I will describe to you the next lower degree of homicide in Maryland, which is murder in the second degree. It is simply an unlawful homicide with malice aforethought. A felonious homicide in Maryland is *presumed* to be murder in the second degree, and therefore it is *presumed* that it was committed with malice aforethought. [Emphasis supplied]. [Transcript of 2/27/74 at p. 170].

Somewhat later on the subject of self defense, the trial judge instructed the jury:

[Roberts was asked this question] "Mr. Roberts, did you ask Marvin [the petitioner] if he had shot the man you and he robbed? Answer: Yes. I asked him after I gave him the wallet and he said to me, yes, he had shot the man because the man had pulled out some scissors on him."

I instruct you that under the Maryland law the burden is upon the defendant who asserts self-defense to prove self-defense by a preponderance of the evidence. For that reason I advise you that under the Maryland law that there has been no sustaining of the burden of proof by the defendant, of proving self-defense on his part by a preponderance of the evidence. I advise you that you should not consider the element of self-defense in this case for that reason. [Transcript of 2/27/74 at 177].

These instructions are quite similar to the ones that were held unconstitutional in *Mullaney,* and the same result would be required here if the petitioner had not been convicted under the felony-murder doctrine. Had this case involved no robbery, petitioner could justifiably argue that conviction of any homicide crime was unlawful. Peti-

tioner's claim would be that with regard to his claim of self-defense (a defense which, if proved, would have required acquittal), the burden of persuasion was unconstitutionally placed upon him.

However, petitioner's conviction was based upon the felony-murder doctrine. The verdict of the jury was "guilty of first degree murder." The only instruction which the trial judge gave relevant to first degree murder was as follows:

Murder in the first degree under the law must be wilful, deliberate and premeditated. I'll not dwell upon that any longer because this count is applicable to murder in the first degree, and you should consider the crime of murder in the first degree because of a special statute in Maryland which provides that all murder which shall be committed in the perpetration of or attempt to perpetrate any rape, sodomy, mayhem, robbery, burglary, kidnapping and so forth, and I'll skip the intervening ones, shall be murder in the first degree regardless of the statutory wording of the murder statute saying that first degree murder must be wilful, deliberate and premeditated.

This is an exception to the basic definition of murder in the first degree, because it mandatorily makes all murder committed in the perpetration of a number of crimes, including robbery, murder in the first degree. [Transcript of 2/27/74 at pp. 169–170].

The statute to which the trial judge referred is Article 27, § 410 of the Annotated Code of Maryland (1976 Replacement Volume) which provides in relevant part:

All murder which shall be committed in the perpetration of, or attempt to perpetrate, any rape, sodomy, mayhem, robbery, burglary . . . shall be murder in the first degree.

■ When a defendant is charged under this statute, the defense of self-defense is unavailable to him as a matter of law because he is an aggressor engaged in the perpetration of a felony. *Street v. State,* 26 Md.App. 336, 340, 338 A.2d 72 (1975). This Maryland construction of the felony-

murder statute comports with the general rule on the subject of the non-availability of self-defense as a defense to felony-murder. *See Smith v. State,* 209 Tenn. 499, 503, 354 S.W.2d 450, 452 (1961); *People v. Perry,* 14 Cal.2d 387, 94 P.2d 559 (1939); 1 *Wharton's Criminal Law and Procedure* § 252 (1957).

 Since the petitioner's conviction was for first degree murder (felony-murder), the instruction regarding the presumption of second degree murder is clearly harmless error.[1] Since the conviction rested on the felony-murder statute, and since under that statute the defense of self defense is unavailable as a matter of law; the instruction placing the burden of proof on petitioner regarding self-defense is likewise harmless error.[2]

## II.

Petitioner's second claim is that his conviction was procured by the State's knowing presentation of perjured testimony. The claim is patently frivolous.

 It is clear that knowing use of perjured testimony by the prosecution deprives a defendant of due process of law. *Miller v. Pate,* 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967); *Mooney v. Holohan,* 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935). Likewise, it is clear that due process is denied when the perjury consists only of a witness' lying about promises received from the prosecution and where the prosecution, although not soliciting the perjury, allows it to go uncorrected. *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

Petitioner relies solely on a statement made by Augustus Roberts, the State's main witness against him, that he (Roberts), had received no promises from the State in return for his testimony. (*See* Transcript of 2/27/74 at p. 68). This statement was elicited on cross examination by defense counsel, and a complete reading of the passage (pp. 68–73) reveals the frivolity of petitioner's claim. First of all, the prosecution did not elicit the testimony; defense counsel did. Nor did the prosecution allow any false testimony to go uncorrected, since the perjury (if any there was) was immediately corrected by further cross examination. That further cross examination reveals that the prosecution had told Roberts that in return for his testimony and his plea of guilty to the robbery charge, the State would "stet" (place on the inactive docket) the murder charge and inform the sentencing judge of his cooperation.

 Second, it appears from the record that the original statement is not properly characterized as perjury. It may be evasive; it may show a lack of understanding by Roberts of the terms of his bargain; but it does not indicate an attempt to deceive, particularly in light of Roberts' subsequent candor.

 Finally, petitioner can show no prejudice from the supposed perjury since the whole truth of the matter was revealed moments later. The entire plea bargain between Roberts and the State is spread upon the record and was heard by the jury. No prejudice could possibly result from the initial misstatement under the circumstances. The jury was aware of the bargain and thus any possible reason to doubt Roberts'

---

1. Compare this case with *Wilkins v. State of Maryland,* 402 F.Supp. 76 (D.Md.1975). In that case the constitutionally offensive instruction was also given. Judge Blair of this Court held that the instruction was harmless error since the defendant was convicted of first degree murder. Judge Blair reasoned that a conviction of first degree murder necessarily implied that the jury believed beyond a reasonable doubt that the killing was "wilful, deliberate and premeditated." The proof of these elements necessarily indicate that any claim of provocation or excuse (reducing the killing

from second degree murder to manslaughter) would fail regardless of the allocation of the burden of proof as to these defenses.

2. An issue which lurks in the background of petitioner's claim is the retroactivity *vel non* of the *Mullaney* decision. Because this Court has determined *Mullaney* to be inapplicable, it need not reach the question of retroactivity. *See Evans v. State,* 28 Md.App. 640, 349 A.2d 300 (1975), in which the court held *Mullaney* to be retroactive.

testimony. With all the facts before them, the jury was the proper judge of Roberts' credibility. *United States v. Shipp,* 409 F.2d 33 (4th Cir. 1969). The conviction cannot be said to rest on knowing use of perjured testimony.

Accordingly, it is this 22nd day of July, 1976, by the United States District Court for the District of Maryland, ORDERED:

That the instant petition for a writ of habeas corpus be, and the same is, hereby denied; and

That copies of this Memorandum and Order be mailed to the petitioner and to the Attorney General for the State of Maryland.